IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH MCKENNA, and<br>JOHN J. MCKENNA,<br>    Plaintiffs, | :<br>:<br>:<br>: | CASE NO. _____ |
| v. | : | |
| NCL AMERICA, INC., and<br>NCL CORPORATION LTD.[1],<br>    Defendants. | :<br>:<br>:<br>: | |

### NOTICE OF REMOVAL FILED BY DEFENDANT
### PURSUANT TO 28 U.S.C. §§ 1441 et. seq.

TO:  The United States District Court for the District of Delaware

Pursuant to 28 U.S.C. §§ 1441 and 1446, et seq., defendants, NCL (Bahamas) Ltd., d/b/a NCL ("NCL"), and NCL America, Inc. ("NCL America") hereby remove this action from the Superior Court of the State of Delaware, New Castle County, in which it is now pending, to the United States District Court for the District of Delaware. In support of this Notice of Removal, defendants state as follows:

1. On or about May 27, 2005, an action was commenced in the Superior Court of the State of Delaware, New Castle County, entitled Elizaeth H. McKenna, et al. v. NCL America Inc., et al., Case No. 05C-05-317-WCC. A copy of the Civil Information Sheet, Summons and the Complaint is attached hereto as Exhibit 1.

2. Defendant NCL first received a copy of the Complaint by Federal Express 1 on June 1, 2005. Defendant NCL America was hand-served on or about May 27, 2005. A copy of plaintiffs' attorney's letter dated May 27, 2005 to NCL America and NCL enclosing the

---

[1]  "NCL Corporation Ltd." is not the correct name of NCL (Bahamas) Ltd., d/b/a NCL the proper defendant in this action. NCL (Bahamas) Ltd. d/b/a NCL is referred to as "NCL" throughout this Notice of Removal.

Complaint is attached hereto as Exhibit 2. As indicated on the letter, the Complaint was received by NCL on June 1, 2005. See Exhibit 2.

3. The present action is a civil action for negligence stemming from injuries allegedly suffered by plaintiff Elizabeth McKenna aboard the cruise ship, NORWEGIAN CROWN on April 25, 2004. See Complaint at ¶¶ 4-5 (attached hereto as Exhibit 1). This action is removable from the Superior Court of New Castle County to this Court, pursuant to the provisions of 28 U.S.C. § 1441(b), on the grounds that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. Plaintiffs contend that they have suffered damages in excess of $100,000.00.

4. Defendant NCL is a Bermuda Corporation with its principal place of business located at 7665 Corporate Center Drive, Miami, Florida, 33126. For the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, NCL is a citizen of the State of Florida. 28 U.S.C. § 1332(c)(1).

5. Defendants are informed and believe that plaintiffs Elizabeth H. McKenna and John J. McKenna were, at the time of the filing of the Complaint, and still are, citizens of the State of Delaware. See Complaint at ¶ 1 ("Plaintiffs are residents of the State of Delaware, residing at 520 Kendell Drive, Crossings at Christiana, Bear, Delaware 19701.") Consequently, there is complete diversity of citizenship between NCL and plaintiff.

6. Defendant NCL America was fraudulently joined in this action in an attempt to defeat diversity jurisdiction. "A party fraudulently joined by a plaintiff, however, may not defeat diversity jurisdiction." Stanley v. Exxon Corp., 824 F.Supp. 52, 53 (E.D. Pa. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). "Joinder is fraudulent 'where there is

no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" Stanley, 824 F.Supp. at 53 (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991)); see also Batoff v. State Farm Ins. Co., 997 F.2d 848, 852 (3d Cir. 1992) (fraudulent joinder exists if the claims against the non-diverse defendant are so devoid of merit as to be "wholly insubstantial and frivolous."). NCL America is a Delaware corporation with a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801. However, NCL America is not in privity of contract with plaintiffs, and does not owe any duties to plaintiffs giving rise to any legitimate cause of action or claim. NCL America did not operate, manage or oversee the cruise in which plaintiffs' alleged claims are grounded. The NORWEGIAN CROWN, the cruise ship plaintiffs were sailing on at the time of their alleged injuries, is not owned or operated by NCL America, and plaintiffs' tickets were not issued by NCL America. NCL America is a wholly separate corporation from NCL and neither NCL America nor NCL acts as the parent, subsidiary or agent of the other. NCL America and NCL observe and maintain all corporate formalities and are wholly separate and distinct corporations. There is thus no basis for maintaining NCL America as a party to this action, or for asserting liability against it. In sum, there is "no reasonable basis in fact or colorable ground supporting the [purported] claim" against NCL America. Boyer, 913 F.2d at 111. For these reasons, plaintiffs' purported claims against NCL America are "wholly insubstantial and frivolous," Batoff, 997 F.2d at 852, and constitute fraudulent joinder.

7. The time for removal has not expired because this Notice of Removal has been filed within thirty (30) days of the date on which defendants first received a copy of the Complaint. As noted above, NCL America was hand-served with a copy of the Complaint on or

about May 27, 2005 and NCL received a copy of the Complaint via Federal Express on June 1, 2005. See Exhibit 2. Thus, this Notice of Removal, dated June 23, 2005, is timely filed under 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 119 S.Ct. 1322 (1999).

8. In light of the fact that there is complete diversity between plaintiff and NCL and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, this case is properly removed to this Court. The fraudulent joinder of NCL America does not defeat complete diversity of citizenship. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921); Boyer, 913 F.2d 108; Stanley, 824 F.Supp. at 53.

9. Pursuant to 28 U.S.C. § 1446(d), on June 23, 2005, Norwegian notified the Superior Court of the State of Delaware, New Castle County of the filing of this Notice of Removal by filing a document entitled, "Notice of Filing of Notice of Removal," a true and correct copy of which, without the exhibit, is attached hereto as Exhibit 3.

WHEREFORE, notice is hereby given by defendants, NCL (Bahamas) Ltd., d/b/a NCL, and NCL America, Inc. that the above-captioned action entitled Elizaeth H. McKenna, et al. v. NCL America Inc., et al., Case No. 05C-05-317-WCC, now pending in the Superior Court of the

4

State of Delaware, New Castle County is removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, et seq. By virtue of this Notice of Removal, and pursuant to federal law, all proceedings in the action filed in New Castle County are stayed.

Date:  June 23, 2005                    FOX ROTHSCHILD, LLP

                                        By: _____
                                            SHARON ORAS MORGAN, ESQUIRE
                                            Delaware Bar No. 4287
                                            Citizens Bank Center
                                            919 North Market Street, Suite 1300
                                            Wilmington, DE  19801-2323
                                            Telephone:  (302) 654-7444
                                            Facsimile:  (302) 656-8920

                                            Attorneys for Defendants
                                            NCL (Bahamas) Ltd. d/b/a NCL
                                            And NCL America, Inc.

## CERTIFICATE OF SERVICE

I, Sharon Oras Morgan, Esquire, counsel for defendant, NCL (Bahamas) Ltd., d/b/a NCL, hereby certify that I served the foregoing Notice of Removal, and attached exhibits via hand-delivery, as follows:

>Joseph J. Rhoades, Esquire
>Legal Arts Building, Suite 1200
>1225 King Street
>Wilmington, Delaware  19899-0874

*/s/ Sharon Oras Morgan*
Sharon Oras Morgan

Dated:  June 23, 2005