# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: (N) K S  CIVIL ACTION NUMBER: _____
CIVIL CASE CODE: *CPIN* _____ CIVIL CASE TYPE: *Personal Injury*
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: <br> ELIZABETH H. MCKENNA and JOHN J. MCKENNA, her husband, <br><br> Plaintiffs, <br> v. <br> NCL AMERICA INC., <br> a corporation of the State of Delaware, and NCL CORPORATION LTD., a foreign corporation, <br> Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT: <br> *See Caption, Plaintiffs* <br><br> DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) <br> *Complaint* <br><br> Non-Arbitration ___   Electronic File ___ <br> (CERTIFICATE OF VALUE MAY BE REQUIRED) <br><br> Arbitration (X)   Mediation ___   Neutral Assessment ___ <br> JURY DEMAND (X) YES ___ NO <br><br> TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE) <br> EXPEDITED   **STANDARD**   COMPLEX |
| --- | --- |
| ATTORNEY NAME(S): <br> *Joseph J Rhoades and* <br> *A. Dale Bowers* <br><br> FIRM NAME: <br> *Law Offices of Joseph J Rhoades* <br><br> ADDRESS: <br> *Law Offices of Joseph J Rhoades* <br><br> *1225 King Street, Suite 1200* <br><br> *Wilmington, Delaware 19801* <br><br> TELEPHONE NUMBER: *302-427-9500* <br><br> FAX NUMBER: *302-427-9509* <br><br> E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS <br><br><br><br><br><br> EXPLAIN THE RELATIONSHIP(S): <br><br><br><br><br><br><br> OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: <br><br> (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NCL AMERICA INC.,<br>a corporation of the State of<br>Delaware, and NCL CORPORATION LTD.,<br>a foreign corporation,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:　C.A. No. 0SC-05-317<br>:　　　　　　　　WCC<br>:　ARBITRATION CASE<br>:<br>:<br>:　TRIAL BY JURY DEMANDED<br>:<br>:<br>:<br>: |

## PRAECIPE

To:   Superior Court Prothonotary
      New Castle County Courthouse
      500 King Street
      Wilmington, Delaware 19801

PLEASE ISSUE SUMMONS to the Sheriff of New Castle County to serve Praecipe, Summons, Complaint, Plaintiffs' Answers to Interrogatories Under Rule 3(h), Documentary Evidence pursuant to Rules 3(h)(1)(II) and 16.1, Interrogatories and Request for Production on defendant by delivering copies of the aforementioned documents to its by serving its officer, manager or general agent for service of process at The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

PLEASE ISSUE SUMMONS to the Sheriff of Kent County to serve Praecipe, Complaint, Summons, Plaintiffs' Answers to Interrogatories Under Rule 3(h), Documentary Evidence pursuant to Rules 3(h)(1)(II) and 16.1, Interrogatories and Request for Production upon defendant NCL Corporation Ltd., a foreign corporation, by delivering copies of the

aforementioned documents to defendant's agent for Service of Process, the Secretary of State of the State of Delaware pursuant to 10 Del. C. § 3111.

DATE: 5/27/05

Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband, | : <br> : <br> : |
| Plaintiffs, | : C.A. No. <br> : |
| v. | : **ARBITRATION CASE** <br> : |
| NCL AMERICA INC.,<br>a corporation of the State of<br>Delaware, and NCL CORPORATION LTD.,<br>a Foreign corporation, | : <br> : **TRIAL BY JURY DEMANDED** <br> : <br> : |
| Defendants. | : |

**SUMMONS**

THE STATE OF DELAWARE:
TO THE SHERIFF OF NEW CASTLE COUNTY:
YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendants shall serve upon JOSEPH J. RHOADES, plaintiffs' attorney, whose address is Suite 1200, Legal Arts Bldg., 1225 King Street, Wilmington, Delaware 19801 an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiffs).

Dated:

Sharon D. Agnew<br>Prothonotary

_____
Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit demand, if any).

Dated:

Sharon D. Agnew<br>Prothonotary

_____
Per Deputy

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband,<br><br>        Plaintiffs,<br><br>v.<br><br>NCL AMERICA INC.,<br>a corporation of the State of<br>Delaware, and NCL CORPORATION LTD.,<br>a Foreign corporation,<br><br>        Defendants. | :<br>:<br>:<br>:  C.A. No.<br>:<br>:  ARBITRATION CASE<br>:<br>:<br>:  TRIAL BY JURY DEMANDED<br>:<br>:<br>:<br>:<br>:  SUMMONS |

THE STATE OF DELAWARE:
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:

      To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendants shall serve upon JOSEPH J. RHOADES, plaintiffs' attorney, whose address is Suite 1200, Legal Arts Bldg., 1225 King Street, Wilmington, Delaware 19801 an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

      To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiffs).

Dated:

                                                                 Sharon D. Agnew
                                                                 Prothonotary

                                                                 Per Deputy

TO THE ABOVE NAMED DEFENDANT:

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit demand, if any).

Dated:

                                                                  Sharon D. Agnew
                                                                 Prothonotary

                                                                 Per Deputy

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ELIZABETH H. MCKENNA and <br> JOHN J. MCKENNA, her husband, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> NCL AMERICA INC., : <br> a corporation of the State of : <br> Delaware, and NCL CORPORATION LTD., : <br> a foreign corporation, : <br> : <br> Defendants. : | C.A. No. <br><br> ARBITRATION CASE <br><br> TRIAL BY JURY DEMANDED |

## COMPLAINT

1. Plaintiffs are residents of the State of Delaware, residing at 620 Kendell Drive, Crossings at Christiana, Bear, Delaware 19701.

2. Defendant NCL America Inc., is a corporation of the State of Delaware. Its registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant NCL Corporation Ltd., is organized and located at 7665 Corporate Center Drive, Miami, Florida 33126. Upon information and belief, defendant NCL America Inc., is owned in some capacity by defendant NCL Corporation Ltd. Upon information and belief, defendant NCL Corporation Ltd., conducts substantial and continuing business within the State of Delaware.

4. On or about April 25, 2004, plaintiffs were lawfully on a Norwegian Cruise Ship owned, maintained and/or operated by defendants that set sail from Philadelphia, Pennsylvania. At all times pertinent hereto, plaintiffs were customers, potential customers, patrons, invitees and/or

business visitors and were lawfully on the aforementioned premises. Suddenly and without warning, while cruising to Bermuda, a ventilation leak sent fuel fumes throughout the ship.

5. As a direct and proximate result of the above described incident, plaintiff, Elizabeth H. McKenna suffered severe bodily injuries, including, but not limited to, injuries to her chest, lungs, respiratory system and heart. Some or all of her injuries have continued since the accident and are permanent in nature.

6. As a consequence of her injuries, plaintiff Elizabeth H. McKenna has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of her injuries.

7. As a further consequence of her injuries, plaintiff Elizabeth H. McKenna has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

8. As a further consequence of her injuries, plaintiff Elizabeth H. McKenna has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

9. As a direct and proximate result of the aforesaid injuries and damage to his wife, plaintiff Elizabeth H. McKenna, plaintiff John J. McKenna has been deprived and will in the future continue to be deprived of the services, companionship, society and consortium of his wife, and will in the future continue to incur expenses on behalf of his wife.

10. Defendants, as owners, possessors, operators, franchisors, and/or franchisees of the vessel/cruise ship in question, owed a duty to its customers, potential customers, patrons, invitees, business visitors and/or persons lawfully on the vessel, including plaintiff, to maintain the vessel in a reasonable and safe condition. Defendants breached that duty.

11. Plaintiffs' injuries and resulting damages were proximately caused by the negligence of defendants who, through its agents, servants and/or employees:

(a) failed to maintain the vessel/cruise ship in a reasonably safe condition;

(b) failed to adequately and properly supervise, control and oversee the maintenance and upkeep of the vessel/cruise ship;

(c) knew, or in the exercise of reasonable care, should have known of the likelihood that customers, potential customers, patrons, invitees, business visitor and/or persons lawfully on the vessel/cruise ship would be injured by the condition of the cruise ship in question at the time of the accident;

(d) failed to adequately warn or otherwise inform licensees, invitees, customers, patrons and/or persons lawfully on the vessel/cruise ship of the dangerous conditions then and there existing, having actual or constructive knowledge thereof;

(e) failed to carry out its activities with reasonable care for the safety of the customers, potential customers, patrons, invitees, business visitors and/or persons lawfully on the vessel/cruise ship when it should have expected that the aforementioned individuals would not discover or realize the danger or would fail to protect themselves against it; and,

(f) knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the cruise ship in question involved an unreasonable risk of harm to the persons lawfully on the vessel/cruise ship and should have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger.

12. The aforementioned actions and/or inactions of defendants constituted negligence per se said actions constituting non-compliance with pertinent safety and shipping statutes, regulations and procedures.

13. Defendant is also responsible for plaintiffs' damages under the doctrine of Res Ipsa Loquitur.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally and/or individually for their special and general damages, including pain and suffering, the costs of this action and other such relief as the Court finds just.

DATE: 5/27/05

Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)