IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband,<br>　　　　　　　　　Plaintiffs, | :<br>:<br>:<br>: | C.A. No. 05-425 GMS |
| v. | : | |
| NCL AMERICA, INC.,<br>a corporation of the State of Delaware,<br>and NCL CORPORATION LTD.,<br>a foreign corporation,<br>　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO DISMISS OF DEFENDANTS NCL AMERICA, INC. AND
NCL CORPORATION, LTD.

I.   **STATEMENT OF THE PROCEEDING**

Defendant NCL America, Inc. ("NCL America") and defendant NCL Corporation Ltd. ("NCL Corporation") move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that NCL America and NCL Corporation have no involvement with the circumstances giving rise to this litigation, face no liability, and are un-interested, fully and separately-capitalized affiliate corporations of defendant NCL (Bahamas), Ltd., d/b/a NCL ("NCL Bahamas"). NCL (Bahamas) separately Answers the Complaint and moves to be substituted as the proper defendant.

On May 27, 2005, Plaintiffs Elizabeth H. McKenna and John J. McKenna ("Plaintiffs") commenced an action in the Superior Court of the State of Delaware, New Castle County, Case No. 05C-05-317-WCC. The action alleges negligence stemming from injuries

1

allegedly suffered by plaintiff Elizabeth McKenna aboard the cruise ship, NORWEIGN CROWN, on April 25, 2004. On June 23, 2005, NCL Bahamas and NCL America filed a notice of removal of the action to this court. (D.I. 1). Plaintiffs granted Defendants an extension of time to answer or otherwise respond to the Complaint until July 22, 2005 (See correspondence attached as Exhibit 1).

## II.   SUMMARY OF ARGUMENT

1.   As alleged in the Notice of Removal (D.I. 1) NCL America was fraudulently joined in this action in an attempt to defeat diversity jurisdiction.

2.   NCL America and NCL Corporation were improperly named, have no connection to the facts giving rise to this case, and Plaintiffs have therefore failed to state a claim against NCL America and NCL Corporation upon which relief can be granted.

3.   Rule 12(b)(6) of the Federal Rules of Civil Procedure, and applicable case law support entry of an order granting the motion of NCL America and NCL Corporation to dismiss all claims against them with prejudice, and substitute in NCL (Bahamas) as Defendant.

## III.   FACTS

This is a negligence action stemming from personal injuries allegedly sustained by plaintiff Elizabeth H. McKenna on or about April 25, 2004. Complaint attached to, D.I. 1 as Exhibit "A", ¶ 4. Plaintiff Elizabeth McKenna claims she was exposed to a ventilation leak and fumes aboard a cruise ship owned by NCL (Bahamas), the NORWEGIAN CROWN, and suffered injuries as a result. Complaint at D.I.1 at ¶¶ 4-8. Plaintiffs allege that defendant NCL was negligent. Id. Plaintiff John J. McKenna, Elizabeth McKenna's husband, also alleges a

loss of consortium claim. See id. at ¶ 9. The loss of consortium claim is derivative of the negligence claim.[1]

Plaintiffs were on board the NORWEGIAN CROWN on or about April 25, 2004. Complaint, D.I. 1, at ¶ 3; see also portion of plaintiffs' passenger ticket retained by Norwegian ("Lifted Ticket") (Exhibit 2). Prior to boarding the NORWEGIAN CROWN, plaintiffs were provided with a copy of their Passenger Ticket Contract.

As set forth in the accompanying Declaration of Mark E. Warren in Support of the Motion to Dismiss ("Warren Declaration"):

> 2.  NCLA (NCL America, Inc.) and NCLC (NCL Corporation Ltd.,) contend that they are not the proper defendants in this action because they do not own, manage nor operate the cruise ship, *M/S NORWEIGN CROWN* (the "Vessel") on which plaintiffs complain the injury occurred. The proper defendant is NCLB (NCL (Bahamas) Ltd) which is the operator of the Vessel.. NCLA and NCLC did not issue the tickets which contain the Passenger Cruise Ticket (attached hereto as Exhibit "1" and incorporated by reference herein), governing the rights and obligations of plaintiffs and NCLB.
>
> 3.  The Passenger Cruise Ticket (attached hereto as Exhibit "1") issued to plaintiffs identified NCLB as the contracting party. NCLA and NCLC never had any contractual or other business relationship with the plaintiffs.
>
> 4.  Neither NCLA nor NCLC owned, operated or maintained the Vessel. Moreover, the Vessel is registered in the Bahamas as being operated by NCLB. NCLA and NCLC thus have no connection to this case and should be dismissed.
>
> 5.  The corporate history of NCLA, NCLC and NCLB is described in Paragraphs 6 – 8 below. NCLA, NCLC and NCLB are separate and distinct corporate entities maintaining all requisite corporate formalities.

---

[1] Plaintiffs did not file their Complaint until May 27, 2005, nearly thirteen (13) months after the alleged incident occurred, and a full month after the 1-year limitation period as set forth in the Passenger Ticket Contract had expired. See Complaint at D.I. 1. This issue will be addressed in a forthcoming motion for summary judgment.

    6.     NCLA was incorporated on August 1, 2003 in the State of Delaware. A copy of NCLA's Certificate of Incorporation is attached hereto as <u>Exhibit "2"</u> and incorporated by reference herein.

    7.     NCLC, which was formerly known as NCL Holdings, Inc., a Bermuda company ("NCLH"), was incorporated on December 15, 2003 in Bermuda. A copy of NCLH's Certificate of Incorporation is attached hereto as <u>Exhibit "3"</u> and incorporated by reference herein. On March 26, 2004, NCLH changed its name to NCLC. A copy of NCLC's Certificate of Incorporation on Change of Name is attached hereto as <u>Exhibit "4"</u> and incorporated by reference herein.

    8.     NCLB was incorporated on December 15, 2003 in Bermuda. A copy of NCLB's Certificate of Incorporation is attached hereto as <u>Exhibit "5"</u> and incorporated by reference herein.

    9.     Each of NCLA, NCLC and NCLB has its own Board of Directors and officers.

## IV. <u>ARGUMENT</u>

### A. <u>Motion to Dismiss Standards</u>.

Dismissal under Rule 12(b)(6) is based on the complaint and is limited to those instances where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46 (1957); see also <u>Frazier v. Southeastern Pa. Transp. Auth.,</u> 785 F.2d 65, 66 (3d Cir. 1986). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with allegations. <u>Floyd v. Saturn of Newark,</u> 2005 WL 1657119, 3 (D.Del). If the facts plead in the complaint and the inferences reasonably drawn therefrom are legally insufficient, a motion to dismiss may be granted. <u>Clark v. Sears, Roebuck & Co.,</u> 816 F. Supp. 1064, 1067 (E.D. Pa. 1993); <u>McCoy v. United States,</u> 758 F. Supp. 299, 301 (E.D. Pa. 1991). In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See, <u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts,</u>

Inc., 140 F.3d 478, 483 (3d Cir. 1998). Dismissal under Rule 12(b)(6) is based on the complaint and is limited to those instances where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); see also In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d. Cir. 2002). Although the Court must accept well-pleaded allegations in plaintiffs' complaint as true, the Court need not accept as true her bald assertions or legal conclusions. Id. at 215-16; see also Obeng v. Delaware State Police, 2005 WL 1592951, 2 (D. Del. 2005).

### B. NCL America and NCL Corporation Were Fraudulently Joined and There is No Basis for Asserting a Claim Against Them.

The Third Circuit hinges its determination of whether a party has been fraudulently joined upon whether the plaintiff has a legal cause of action against said party. "Joinder is fraudulent 'where ***there is no reasonable basis in fact or colorable ground*** supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a judgment.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851, 852 (3d Cir. 1992) (emphasis added). Similarly, the joinder is fraudulent where the plaintiff's claims against said party are so devoid of merit as to be "***wholly insubstantial and frivolous.*** Minker v. HSB Industrial Risk Insurers, 2000 WL 291542, 7(D.Del.) (opinion attached as Exhibit 3) (quoting Battoff v. state Farm Insurance Co., 977 F. 2d. at 852) (emphasis added). Judged by these well-established precepts of the law of the Third Circuit, NCL America and NCL Corporation should be dismissed from the suit.

There is absolutely "**no** reasonable basis in fact or colorable ground" supporting the McKenna's complaints against NCL America. See Batoff, 977 F.2d at 851. NCL America is a Delaware Corporation with its principal place of business at 1209 Orange Street, Wilmington,

Delaware 19801. The NORWEGIAN CROWN, the cruise ship plaintiffs were aboard at the time of the events giving rise to their Complaint, was at all relevant times owned, operated, maintained, managed and/or run by NCL—**not** NCL America or NCL Corporation. Warren Declaration at ¶ 2. The Passenger Cruise Ticket issued to plaintiffs identified Norwegian Cruise Lines, now known as NCL (Bahamas) -- as the contracting party—**not** NCL America or NCL Corporation. Id.; see also Exhibit 2.

An application of the "insubstantial and frivolous" test established by the Third Circuit demonstrates that NCL America and NCL Corporation were indeed fraudulently joined. See Batoff, 977 F.2d at 851. NCL(Bahamas), NCL Corporation and NCL America are separate corporate entities, maintaining all requisite corporate formalities, and do not stand in a parent/subsidiary relationship. Warren Declaration at ¶¶ 4-7. None of the corporations acts as the agent for any other. Id. at ¶ 8.

As such, NCL America and NCL Corporation never owned, operated, maintained, managed or ran the NORWEGIAN CROWN. Id. at ¶ 2. NCL America and NCL Corporation never had any contractual or other business relationship with the plaintiffs and, until receipt of this lawsuit, had never heard of or encountered plaintiffs. Id. at ¶¶ 2 and 10. NCL America and NCL Corporation, in short, have absolutely nothing to do with this case and there is no basis for a claim against them.

## V. CONCLUSION

For all of the foregoing reasons, defendants NCL America and NCL Corporation, respectfully requests that this Court enter an order in the form proposed granting the Motion to Dismiss the Complaint with prejudice, and substitute NCL (Bahamas) Ltd., d/b/a NCL as Defendant in this case.

Respectfully submitted,

Date: July 22, 2005

FOX ROTHSCHILD, LLP

By:     /s/ Sharon Oras Morgan
Sharon Oras Morgan
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920
Counsel for Defendants
NCL America, Inc. and NCL Corporation, Ltd.

OF COUNSEL:
A. Robert Degen, Esquire
John Halfpenny, Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150