Exhibit 3

Westlaw.

Not Reported in F.Supp.2d

Page 1

2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y

**(Cite as: 2000 WL 291542 (D.Del.))**

c

United States District Court, D. Delaware.
Richard R. MINKER, Plaintiff,
v.
HSB INDUSTRIAL RISK INSURERS, formerly known as Industrial Risk Insurers; the Hartford Steam Boiler Inspection and Insurance Company; Employers Reinsurance Company; and General Electric Capital Assurance Company, Defendant.
No. Civ.A. 99-494-SLR.

March 14, 2000.

David G. Culley, of Tybout, Redfearn & Pell, Wilmington, Delaware, for plaintiff.

Brett D. Fallon, of Smith, Katzenstein & Furlow LLP, Wilmington, Delaware, for defendants.

MEMORANDUM OPINION

ROBINSON, J.

I. INTRODUCTION

*1 Pending before the court are two motions. Defendants HSB Industrial Risk Insurers ("IRI"), The Hartford Steam Boiler Inspection and Insurance Company ("HSB"), Employers Reinsurance Company ("ERC"), and General Electric Capital Assurance Company ("GECAC") have filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I.2) Plaintiff Richard R. Minker has filed a motion to remand the case to the Superior Court in and for New Castle County. (D.I.5)

Plaintiff initiated this litigation against his former employer IRI by filing a complaint in the Superior Court on or about July 7, 1999. The complaint raises five common law claims, all of which are premised on the contention that plaintiff was improperly denied the opportunity to collect benefits under a severance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The common law causes of action are denominated as follows: Count I--Negligence; Count II--Negligent Misrepresentation; Count III--Active Concealment; Count IV--Passive Concealment; and Count V--Breach of the Covenant of Good Faith and Fair Dealing.

Defendants removed the action to this court pursuant to 28 U.S.C. § 1441(a), citing two alternative bases for federal court jurisdiction: 1) federal question jurisdiction, pursuant to 28 U.S.C. § 1331; and 2) diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). By way of his motion for remand, plaintiff challenges the existence of both jurisdictional grounds.

For the reasons that follow, the plaintiff's motion to remand shall be granted and defendants' motion to dismiss shall be denied.

II. BACKGROUND

For purposes of these proceedings, the relevant facts are undisputed. As alleged in the complaint, except for a one-year period in the mid-1980s, plaintiff was continuously employed by IRI from August 1981 until June 30, 1998. In August 1997, plaintiff notified management that he was considering a tentative plan to leave IRI in the fall of 1998 to become the primary caretaker of his newborn child.

In March of 1998, plaintiff requested specific vacation days: May 18 through June 12, 1998 and July 13 through July 17, 1998. His request was denied by IRI. Plaintiff believed he was entitled to the time requested, and he attempted to correct IRI's perceived mistake in the calculation of his accrued vacation time. His efforts were unsuccessful and, upon returning to work on or about June 10, 1998

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y

**(Cite as: 2000 WL 291542 (D.Del.))**

Page 2

after using his first requested vacation leave, plaintiff submitted his resignation effective twenty days later, June 30, 1998. Plaintiff maintains that he resigned earlier than he originally had intended in order to avoid forfeiting the pre-paid non-refundable vacation he had planned to take in July.

Several weeks after plaintiff resigned, IRI announced a voluntary termination program providing for enhanced severance benefits under IRI's ERISA-covered Career Continuation Plan. [FN1] Had plaintiff been eligible for the program and elected to participate, he would have received approximately $40,000 in additional benefits.

> FN1. Plaintiff apparently concedes that the voluntary termination porogram implemented through the Career Continuation Plan is covered by ERISA.

*2 In his complaint, plaintiff incorporates the above allegations and asserts the following causes of action. In Count I, plaintiff claims that:
   29. Defendants were negligent in failing to properly calculate and credit Plaintiff with the correct number of vacation days.
   30. Defendants' negligence directly and proximately caused Plaintiff to submit his resignation earlier than he had planned, so that but for this negligence Plaintiff would have remained in [IRI's] employment at the the voluntary program was implemented.
   31. As a direct and proximate result of defendants' negligence, Plaintiff suffered injury, including, but not limited to, a loss of compensation.
(D.I.1) In Count II, plaintiff similarly alleges that:
   33. Defendants negligently represented to Plaintiff that he had an incorrect number of vacation days.
   34. Defendants' representation as to the number of vacation days he had was a material misrepresentation.
   35. Plaintiff relied upon defendants' misrepresentation to his detriment.
   36. Defendants' negligent misrepresentation directly and proximately caused Plaintiff to submit his resignation earlier than he had planned, so that but for this negligent misrepresentation Plaintiff would have remained in [IRI's] employment at the time the voluntary termination program was implemented.
(D.I.1) Plaintiff claims injury, including a loss of compensation. Counts III, IV and V are virtually identical to Count II except that in Count III, plaintiff asserts that "Defendants intentionally and knowingly concealed the facts concerning the voluntary termination program from Plaintiff prior to and following his resignation from employment;" in Count IV, plaintiff asserts that defendants had a duty to inform him "of facts material to his decision to resign" and failed to do so; and in Count V, plaintiff claims that "Defendants breached the covenant of good faith and fair dealing inherent in Plaintiff's employment contract with [IRI] by failing to correctly credit his vacation time and by failing to fully inform him of the facts concerning the voluntary termination program." (D.I.1) In each count, then, plaintiff claims that defendants' conduct caused him to leave his employment with IRI before he had the opportunity to participate in the voluntary termination program.

### III. MOTION TO REMAND

Before the court addresses defendants' motion to dismiss, it must first determine whether it has jurisdiction to do so. Plaintiff asserts by way of his motion to remand that this court lacks subject matter jurisdiction and, therefore, should remand the case to the State court.

#### A. Federal Question Jurisdiction

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441, alleging that the district court has original jurisdiction over the claims because they "aris[e] under the Constitution, treaties or laws of the United States...." *Id.* § 1441(b) ; 28 U.S.C. § 1331. "To determine whether a claim 'arises under' federal law--and thus is removable--we begin with the 'well-pleaded complaint rule." ' *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 353 (3d Cir.1995) (citations omitted). As explained by the court in *Dukes,*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=B0055800000... 7/21/2005

Not Reported in F.Supp.2d                                                                                           Page 3
2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y
(Cite as: 2000 WL 291542 (D.Del.))

\*3 [u]nder the well-pleaded complaint rule, a cause of action "arises under" federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.... A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court.... Thus, it is well-established that the defense of preemption ordinarily is insufficient justification to permit removal to federal court....
Id. at 353-54. Accord In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir.1999).

An exception to the well-pleaded complaint rule was recognized by the Supreme Court in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) ( "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). Thus,
[u]nlike ordinary preemption, which would only arise as a federal defense to a state-law claim, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint. The Supreme Court has held that in enacting the civil-enforcement provisions of section 502(a) of ERISA, Congress intended to completely preempt state law.
In re U.S. Healthcare, Inc., 193 F.3d at 160. Accord Metropolitan Life, 481 U.S. at 66 (recognizing that Congress "has clearly manifested an intent to make causes of action within the scope of § 502(a) removable to federal court"); Dukes, 57 F.3d at 354 (explaining that the complete preemption doctrine applies "to state law causes of action which fit within the scope of ERISA's civil-enforcement provisions").

As noted by the court in Dukes, however, "[t]hat the Supreme Court has recognized a limited exception to the well-pleaded complaint rule for state law claims which fit within the scope of § 502 by no means implies that all claims preempted by ERISA are subject to removal." Id. at 355. In other words, " '[r]emoval and preemption are two distinct concepts." ' Id. (citing Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir.1995)). If the federal court determines that the complete preemption doctrine does not apply, it is without jurisdiction to further determine whether plaintiff's state law claims are arguably preempted under § 514(a) of ERISA. Id.

To determine whether plaintiff's state law claims fall within the scope of § 502(a)(1)(B) of ERISA, the court must determine whether plaintiff's claims, properly construed, are "to recover benefits due ... under the terms of [the] plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a); Dukes, 57 F.3d at 356.

If the court understands the facts as alleged by plaintiff, he is not suing for benefits under the voluntary termination program, [FN2] but is asserting State law causes of action based on defendants' alleged conduct which, he claims, deprived him of the opportunity to participate in the program. Unlike the facts reviewed in Metropolitan Life [FN3] and Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166 (3d Cir.1997), [FN4] plaintiff at bar is not attempting through his State law claims "to recover benefits due to him under the terms of" an ERISA plan, "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Consistent with the above discussion, the court concludes that it is without federal question removal jurisdiction under the complete preemption exception to the well-pleaded complaint rule.

> FN2. And, indeed, plaintiff could not properly assert a claim under § 502(a) because he is not and never was a "participant" in the voluntary termination program. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989); Shawley v. Bethlehem Steel Corp., 989 F.2d 652 (3d Cir.1993).
>
> FN3. In Metropolitan Life, plaintiff was a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y  
(Cite as: 2000 WL 291542 (D.Del.))

Page 4

former employee who filed suit in state court "praying for judgment for 'compensatory damages for money contractually owed Plaintiff, compensation for mental anguish caused by breach of this contract, as well as immediate reimplementation of all benefits and insurance coverages Plaintiff is [sic] entitled to." ' 481 U.S. at 61 (emphasis added). The Court concluded that plaintiff's "suit [was] by a beneficiary to recover benefits from a covered plan" and, therefore, fell "directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." *Id.* at 62-63.

FN4. In *Joyce,* plaintiff was a former employee who claimed that the failure of his former employer "either to place plaintiff in a job which he could perform consistent with his disability or advise him that he was eligible for long-term disability was a constructive discharge from the company." *Id.* at 172 (emphasis added). The court concluded that "[t]hese allegations come within ERISA § 502.... Joyce's allegations that RJR knew he was eligible for benefits but failed to so inform him, come squarely with § 502(a)(3)," which provides that "individuals may recover for breaches of the fiduciary duties imposed by ERISA." *Id.*

B. Diversity Jurisdiction

*4 A defendant can remove from state court any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) & (b). Under 28 U.S.C. § 1332(a), "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrections v. Schacht,* 118 S.Ct. 2047, 2052 (1998).

Plaintiff challenges the basis for diversity jurisdiction by arguing that defendants failed in two respects to allege sufficient jurisdictional facts in their removal papers to establish diversity jurisdiction in this court. First, plaintiff contends that defendant "GECAC is a real party in interest at this stage of litigation," that "[b]ecause of the interlocking network of ownership interests alleged in the Complaint ..., it is not clear to the Plaintiff which Defendant(s) is[/are] his employer for purposes of the claims asserted in the Complaint." (D.I. 5 at ¶ 7) Second, plaintiff contends that defendants "failed to provide proof of the citizenship of each of the members of Defendant HSB Industrial Risk Insurers ["IRI"]. (D.I.5, ¶ 8) (emphasis added).

1. IRI

Addressing plaintiff's second contention first, the court concludes that defendants have provided sufficient evidence of IRI's citizenship. The statute describing the procedure for removal, 28 U.S.C. § 1446, was amended in 1988 to provide that the notice of removal must merely state the basis for federal jurisdiction in a short and plain statement. *See* 14C Charles A. Wright et al., *Federal Practice and Procedure: Jurisdiction 3d* § 3733, at 351-52 (3d ed. 1998) ("Wright & Miller"). Under the current text of § 1446(a), a defendant desiring to remove a civil action must file in the appropriate district court "a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." "Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal." Wright & Miller at 356 (footnotes omitted). Accordingly, there is no support for plaintiff's argument that defendants are required to offer proof of their jurisdictional contentions in the notice of removal itself.

Further, it is evident to the court that the record to be reviewed in determining whether removal is appropriate is that required under § 1446(a), to wit, the notice of removal, "together with a copy of all process, pleadings, and orders served upon the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                     Page 5

2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y

**(Cite as: 2000 WL 291542 (D.Del.))**

defendant ... in such action." When the record at bar is reviewed, the following facts are undisputed:
* Plaintiff is an individual citizen of Delaware (D.I. 1: notice of removal ¶ 3; complaint ¶ 1)
*5 * Defendant HSB is a Connecticut corporation with its principal place of business in Connecticut (D.I. 1: notice of removal ¶ 5; complaint ¶ 2)
* Defendant ERC is a Missouri corporation with its principal place of business in Kansas (D.I. 1: notice of removal ¶ 6; complaint ¶ 4)
* Defendant HSB owns .5% of IRI (D.I. 1: notice of removal ¶ 5; complaint ¶ 6)
* Defendant ERC owns 99.5% of IRI (D.I. 1: notice of removal ¶ 6; complaint ¶ 7)

Plaintiff, in his complaint, characterized defendant IRI as "a Connecticut corporation with its principal business offices at 85[sic] Woodlawn Street, Harford [sic], Connecticut, 06102." (D.I. 1, complaint ¶ 2) In their notice of removal, defendants asserted that "IRI is a voluntary unincorporated association, not a corporation as alleged in the complaint, with its principal place of business at 86 Woodlawn Street, Hartford, Connecticut 06102." (D.I. 1, notice of removal ¶ 4)

According to plaintiff, "[i]t is well-established that '[a]n unincorporated association is a citizen of every state in which one of its members resides." ' (D.I. 5 ¶ 8 (citing *Lewis v. World Boxing Council,* 914 F.Supp. 1121, 1124 (D.N.J.1996)). Given plaintiff's concession that IRI is an unincorporated association, the application of a well-established legal principle to the undisputed facts of record demonstrates that defendants have alleged sufficient jurisdictional grounds to establish that IRI is not a citizen of Delaware. [FN5]

> FN5. Given this conclusion, defendants' motion for leave to amend its notice of removal (D.I.19) is moot.

2. GECAC

The parties, of course, agree that defendant GECAC is a citizen of Delaware. The question posed by defendants' notice of removal is whether GECAC is a properly joined party or whether, as argued by defendants, GECAC "has been fraudulently joined" because "[t]here is ... no reasonable basis in fact or colorable ground supporting a claim against GECAC in this case...." (D.I. 1, notice of removal ¶ 12)

The Third Circuit, in addressing the issue of fraudulent joinder, has explained that
> **[j]oinder is fraudulent " 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." '.... But, " '[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." '**
> ...
> In evaluating the alleged fraud, the district court must "focus on the **plaintiff's complaint at the time of the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint."** ... It also must "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." ...

*Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir.1992) (citations omitted). The court in *Batoff* concluded that the "standard by which to define whether a claim is legitimate in a jurisdictional analysis" is "whether [said] claim is 'wholly insubstantial and frivolous." ' *Id.* at 852. Given this standard of review, it is not surprising that the court has described as a "heavy burden of persuasion" a removing party's burden of proving "fraudulent joinder." *Id.* at 851.

*6 Plaintiff's complaint identifies GECAC as "a Delaware corporation" which "may be served with process by serving its registered agent pursuant to 8 Del.C. ¶ 321." (D.I. 1, complaint ¶ 5) The only other mention of GECAC, still within the context of identifying the parties, is that "[a]t all times relevant to this action, defendant [GECAC] was the parent company of [defendant ERC]." (D.I. 1, complaint ¶ 8) Defendants assert that GECAC is not the parent

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 6

2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y

**(Cite as: 2000 WL 291542 (D.Del.))**

company of ERC but, instead, ERC and GECAC share a common parent. (D.I. 1, notice of removal ¶ 7) [FN6]

> FN6. In their answering brief in opposition to plaintiff's motion to remand, defendants further aver that "GECAC is a subsidiary of GE Financial Assurance Holdings, Inc., one of 28 autonomous business entities that make up General Electric Capital Corporation ('GECC'), itself a subsidiary of GE Capital Services, Inc. ('GECS').... ERC is a subsidiary of GE Global Insurance Holdings, which is also a subsidiary of GECS." (D.I. 10 at 6-7 and Ex. G)

The only allegation made by plaintiff in his complaint, then, is that GECAC is the corporate parent of ERC, which is the "owner" of yet a third "corporation," IRI. Assuming all of this to be the case (as the court must), the court apparently is being asked to further assume that plaintiff is seeking to set aside the legal presumption that IRI, ERC and GECAC are independent corporations in order to find GECAC liable for the conduct of IRI. As recognized by the Delaware Supreme Court in *Pauley Petroleum Inc. v. Continental Oil Co.*, 239 A.2d 629, 632 (Del.1968),

> [t]here is, of course, no doubt that upon a proper showing corporate entities as between parent and subsidiary may be disregarded and the ultimate party in interest, the parent, be regarded in law and fact as the sole party in a particular transaction. This, however, may not be done in all cases. It may be done only in the interest of justice, when such matters as fraud, contravention of law or contract, public wrong, or where equitable consideration among members of the corporation require it, are involved.

*Id.* at 633. *See also Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1476 (3d Cir.1988); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 266 (D.Del.1989).

There is nothing on the face of the complaint (the record to which this court is confined) to indicate that the corporate relationship between ERC and GECAC is such that GECAC can be held liable as a matter of law for the conduct of ERC (which, the court assumes, may be held liable for the conduct of plaintiff's admitted employer IRI, which association is partially owned by ERC). Indeed, if the allegations in plaintiff's complaint were taken *verbatim,* i.e., IRI is a corporation owned in party by a second corporation ERC which, in turn, is owned by yet a third corporation GECAC, plaintiff would be asking the court to set aside corporate structures on a relatively grand scale, all without a single allegation to support such dramatic relief or even a specific request for such dramatic relief.

The court is cognizant, however, of the premise that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) (footnote omitted). If this case had been filed originally in this court, the question of jurisdiction would be explored through discovery. Although plaintiff at bar has not even alleged facts by which to question settled precepts of Delaware corporate law, the court is reluctant to conclude that plaintiff's claim against GECAC is "wholly insubstantial and frivolous." Therefore, the court concludes that it does not have removal jurisdiction based upon a diversity of citizenship.

V. CONCLUSION

*7 For the reasons stated, the court concludes that it does not have removal jurisdiction pursuant to 28 U.S.C. § 1441. Therefore, plaintiff's motion to remand is granted and defendants' motion to dismiss is denied. [FN7]

> FN7. The court notes in this regard, however, that the issues of express preemption raised by defendants in their motion to dismiss can and should be raised before the State court. Moreover, if it is determined through discovery that GECAC is not a real party in interest, the case can be removed once again pursuant to 28 U.S.C. §§ 1441 and 1332.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 7
2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y

**(Cite as: 2000 WL 291542 (D.Del.))**

2000 WL 291542 (D.Del.), Pens. Plan Guide (CCH) P 23962Y

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.