IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELIZABETH H. MCKENNA and  :
JOHN J. MCKENNA, her husband,  :
                 Plaintiffs,  :   C.A. No. 05-425 GMS
                                :
      v.  :
                                :
NCL AMERICA, INC.,  :
a corporation of the State of Delaware,  :
and NCL CORPORATION LTD.,  :
a foreign corporation,  :
                 Defendants.  :

## ANSWER OF DEFENDANT NCL (BAHAMAS) LTD. d/b/a NCL TO PLAINTIFFS' COMPLAINT

Defendant, NCL (Bahamas) Ltd. d/b/a NCL ("NCL")[1], through its attorneys, Fox, Rothschild, LLP, hereby answers the Civil Action Complaint of plaintiffs Elizabeth H. McKenna and John J. McKenna ("plaintiffs"), with Affirmative Defenses, and avers as follows:

### I. INTRODUCTION

1. Denied. NCL lacks sufficient information or belief to admit or deny the allegations of paragraph 1 of the Complaint and, on that basis, denies them in their entirety.

2. Admitted. By way of further answer, defendants aver that NCL America, Inc. ("NCL America") and NCL Corporation Ltd. ("NCL Corporation") are not proper parties to this action and NCL America was fraudulently joined in an attempt to defeat diversity of citizenship jurisdiction under 28 U.S.C. § 1332. NCL America does not own or operate the cruise ship, NORWEGIAN CROWN, and did not manage, operate or oversee the cruise in which plaintiffs' claims are grounded. NCL America, NCL Corporation and NCL are separate

---

[1] Defendants were incorrectly identified in plaintiffs' Complaint. The correct identity of the defendant, as set forth in the body of this Answer, is NCL (Bahamas) Ltd. d/b/a NCL.

corporate entities, maintaining all requisite corporate formalities, and do not stand in a parent/subsidiary relationship. NCL America, NCL Corporation and NCL do not act as the agent for the other. NCL America and NCL Corporation separately move to dismiss the claims against them.

3. Denied.

4. Admitted in part and denied in part. NCL admits that on April 25, 2004, plaintiffs were lawfully on board the NORWEGIAN CROWN, a cruise ship owned and operated by NCL. NCL further admits that the cruise originated in Philadelphia, Pennsylvania and that, en route to Bermuda, the ship experienced mechanical difficulties, including a ventilation leak. Except as expressly admitted, NCL denies all remaining allegations of paragraph 4 of the Complaint.

5. Denied. NCL lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 5 of the Complaint and, on that basis, denies them in their entirety.

6. Denied. NCL lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 6 of the Complaint and, on that basis, denies them in their entirety.

7. Denied. NCL lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 7 of the Complaint and, on that basis, denies them in their entirety.

8. Denied. NCL lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 8 of the Complaint and, on that basis, denies them in their entirety.

9. Denied. NCL lacks sufficient knowledge, information or belief to admit or deny the allegations of paragraph 9 of the Complaint and, on that basis, denies them in their entirety.

10. Denied. The allegations of paragraph 10 of the Complaint are allegations of law and do not require a response from NCL. To the extent that any of the allegations in paragraph 10 constitute factual allegations, NCL denies such allegations in their entirety. NCL further avers that it did not breach any duty owed to plaintiffs.

11. Denied. The allegations of paragraph 11 of the Complaint, and all subparts thereto, are allegations of law and do not require a response from NCL. To the extent that any of the allegations in paragraph 11 constitute factual allegations, NCL denies such allegations in their entirety. NCL further avers that it did not breach any duty owed to plaintiffs.

12. Denied. The allegations of paragraph 12 of the Complaint are allegations of law and do not require a response from NCL. To the extent that any of the allegations in paragraph 12 constitute factual allegations, NCL denies such allegations in their entirety. NCL further avers that it did not breach any duty owed to plaintiffs.

13. Denied. The allegations of paragraph 13 of the Complaint are allegations of law and do not require a response from NCL. To the extent that any of the allegations in paragraph 13 constitute factual allegations, NCL denies such allegations in their entirety. NCL further avers that it did not breach any duty owed to plaintiffs.

PHI 732215v1 07/20/05

## AFFIRMATIVE DEFENSES

By way of further response to the allegations contained in plaintiffs' Complaint, defendant NCL asserts the following affirmative defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure:

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs have failed to state any negligence claim against defendant.

### Third Affirmative Defense

Any alleged injury sustained by plaintiffs was caused by the negligence, recklessness and/or carelessness of plaintiffs themselves and not by any act, failure to act, or omission of NCL, its employees, agents and/or servants.

### Fourth Affirmative Defense

Any alleged injury sustained by plaintiffs was not caused by the negligence, recklessness and/or carelessness of defendant, its employees, agents and/or servants.

### Fifth Affirmative Defense

Plaintiffs' claims are barred and/or diminished by plaintiffs' comparative negligence.

### Sixth Affirmative Defense

Plaintiffs' claims are barred and/or diminished by plaintiffs' contributory negligence.

4

### Seventh Affirmative Defense

Plaintiffs' claims are barred and/or diminished by plaintiffs' assumption of the risk.

### Eighth Affirmative Defense

Plaintiff Elizabeth H. McKenna has not sustained serious and permanent injuries.

### Ninth Affirmative Defense

No conduct, act or omission of defendant and/or its agents, employees or servants has resulted in any harm or damages to plaintiffs.

### Tenth Affirmative Defense

Plaintiffs' claims of damages, which are specifically denied, were not proximately caused by the acts and/or omissions of defendant, its employees, agents and/or servants.

### Eleventh Affirmative Defense

At all times relevant hereto, defendant and/or its agents, employees and servants acted in a careful, prudent and proper manner, and exercised reasonable care, skill and diligence.

### Twelfth Affirmative Defense

Any harm or injury suffered by plaintiffs, the existence of such harm or injury being specifically denied, is the result of plaintiffs' own actions and/or inactions.

### Thirteenth Affirmative Defense

Any harm or injury suffered by plaintiffs, the existence of such harm or injury being specifically denied, is the result of an unavoidable accident.

### Fourteenth Affirmative Defense

Plaintiffs have failed to comply with all of the obligations required of them, including but not limited to such obligations as set forth in the Passenger Ticket Contracts (a copy of which is attached as Exhibit 1).

### Fifteenth Affirmative Defense

Defendant and its employees, agents and servants breached no duty or contractual obligation owed to plaintiffs.

### Sixteenth Affirmative Defense

Plaintiffs' claims against defendant are barred, in whole or in part, by plaintiffs' failure to take steps to mitigate their alleged damages.

### Seventeenth Affirmative Defense

Any harm or injury suffered by plaintiffs, the existence of such harm or injury being specifically denied, is the result of the actions of others, including but not limited to plaintiffs, not within the control of defendant.

### Eighteenth Affirmative Defense

Plaintiffs' claims may be the result of acts and/or omissions of other individuals or entities, which acts or omissions may have constituted intervening and/or superseding causes of the damages allegedly sustained by plaintiffs.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Twenty-First Affirmative Defense

Plaintiffs failed to provide defendant with appropriate notice of their claim.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations.

### Twenty-Third Affirmative Defense

Plaintiffs' claims have been filed in an improper venue.

### Twenty-Four Affirmative Defense

Plaintiffs' claims are barred by the terms of their Passenger Ticket Contracts (a copy of which is attached as Exhibit 1) which provides, among other things and without limitation, that:

(a) "No suit including without limitation suits brought in rem and suits brought in personam shall be maintained against the Carrier for emotional or physical injury, illness or death of passenger unless written notice of the claim with full particulars be delivered to the Carrier within six (6) months from the day when such injury, illness or death occurred; and in no event shall any suit be maintainable unless commenced within one (1) year from the day when the injury, illness or death of the passenger occurred, notwithstanding any provision of law of any state or country to the contrary." Passenger Ticket Contract at ¶ 10;

(b) "Except as otherwise specified herein, this contract shall be governed in all respects by the General Maritime Law of the Untied States and, only when not inconsistent with the provisions of this Contract or U.S. maritime law, the laws of the State of Florida. It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from, related to, or in connection with this Contract or the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before the United States District Court for the Southern

District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A.., to the exclusion of the Courts of any other country, state, city or county." Passenger Ticket Contract at ¶ 22.

## PRAYER FOR RELIEF

WHEREFORE, defendant NCL (Bahamas) Ltd. d/b/a NCL respectfully requests that this Court enter judgment in its favor and against plaintiffs Elizabeth H. McKenna and John J. McKenna on all Counts of the Complaint, and award defendant its reasonable attorneys' fees and costs incurred in the defense of this litigation, and any other relief that this Court deems appropriate.

Date:  July 22, 2005                           FOX ROTHSCHILD, LLP

By:     /s/ Sharon Oras Morgan
        SHARON ORAS MORGAN, ESQUIRE
        Delaware Bar No. 4287
        Citizens Bank Center
        919 North Market Street, Suite 1300
        Wilmington, DE  19801-2323
        Telephone:  (302) 654-7444
        Facsimile:  (302) 656-8920

        Attorneys for Defendants
        NCL (Bahamas) Ltd. d/b/a NCL
        And NCL America, Inc.

OF COUNSEL:

A. Robert Degen, Esquire
John Halfpenny, Esquire
Fox Rothschild, Esquire
2000 Market Street, 10th Floor
Philadelphia, PA  19103
Telephone (215) 299-2000
Facsimile:  (215) 299-2150

PH1 732215v1 07/20/05