IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH MCKENNA, and<br>JOHN J. MCKENNA, | :<br>: Civil Action No. 05-425<br>: |
| Plaintiffs, | : |
| v. | : |
| NCL AMERICA, INC.,<br>a Delaware Corporation, and<br>NCL CORPORATION LTD.,<br>a Florida Corporation, | :<br>:<br>:<br>: |
| Defendants. | : |

**PLAINTIFFS' OBJECTION TO DEFENDANT NCL CORPORATION LTD.'S
NOTICE OF REMOVAL AND PLAINTIFFS' MOTION FOR REMAND**

COMES NOW plaintiffs, by and through their undersigned counsel, and hereby request that this Court enter an Order denying defendants, NCL America, Inc.'s, and NCL Corporation Ltd.'s, request for removal from Superior Court of the State of Delaware to this Court. In support thereof, plaintiffs state as follows:

1.      On May 27, 2005, plaintiffs filed a civil action against defendants in the Superior Court of the State of Delaware for personal injuries sustained on April 25, 2004 while plaintiffs were passengers on a cruise ship owned, maintained, and/or operated by defendants. The action was brought against defendants in the Superior Court because plaintiffs are residents of the State of Delaware and defendants transacted business within the State of Delaware, as stated in plaintiffs' Complaint. (Exhibit "A"). Specifically, plaintiffs purchased the tickets for the cruise in question in the State of Delaware. Plaintiffs had reason to believe that one or the other defendant, or both defendants, sold the tickets and operated the vessel in question at the time of the incident giving rise to injuries. For those reasons, both defendants have been named in this lawsuit.

2. On June 23, 2005, defendant NCL Corporation Ltd., filed a Notice of Removal for the above captioned action in this Court pursuant to 28 U.S.C. §§1441 and 1446.

3. Defendant NCL Corporation Ltd., alleges that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000 thereby permitting removal. It further contends that defendant NCL America, Inc., was fraudulently joined in this action to defeat diversity jurisdiction. Claims against NCL America, Inc., were brought for valid reasons and not to defeat diversity and certainly not with fraudulent motive. Furthermore, plaintiffs purchased and defendant(s) sold tickets in the State of Delaware, giving Delaware jurisdiction. "A state court may exercise personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). "The forum state does not exceed its powers ... if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state". Id. at 295.

4. On the face of plaintiffs' Complaint, the Superior Court has jurisdiction to hear this civil action. Plaintiffs contend that defendants have failed to provide adequate grounds for removal.

WHEREFORE, plaintiffs respectfully request that this Court enter an Order denying defendant NCL Corporation Ltd.'s request for removal and remand the above captioned action to the Superior Court of the State of Delaware.

                                           /s/ *[signature]*
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King St., 12th Flr.
P.O. Box 874
Wilmington, DE  19801
302-427-9500
Attorneys for Plaintiffs

DATE: July 22, 2005

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. |
| | : | |
| v. | : | ARBITRATION CASE |
| | : | |
| NCL AMERICA INC.,<br>a corporation of the State of<br>Delaware, and NCL CORPORATION LTD.,<br>a foreign corporation, | :<br>:<br>:<br>: | TRIAL BY JURY DEMANDED |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

1. Plaintiffs are residents of the State of Delaware, residing at 620 Kendell Drive, Crossings at Christiana, Bear, Delaware 19701.

2. Defendant NCL America Inc., is a corporation of the State of Delaware. Its registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant NCL Corporation Ltd., is organized and located at 7665 Corporate Center Drive, Miami, Florida 33126. Upon information and belief, defendant NCL America Inc., is owned in some capacity by defendant NCL Corporation Ltd. Upon information and belief, defendant NCL Corporation Ltd., conducts substantial and continuing business within the State of Delaware.

4. On or about April 25, 2004, plaintiffs were lawfully on a Norwegian Cruise Ship owned, maintained and/or operated by defendants that set sail from Philadelphia, Pennsylvania. At all times pertinent hereto, plaintiffs were customers, potential customers, patrons, invitees and/or

business visitors and were lawfully on the aforementioned premises. Suddenly and without warning, while cruising to Bermuda, a ventilation leak sent fuel fumes throughout the ship.

5. As a direct and proximate result of the above described incident, plaintiff, Elizabeth H. McKenna suffered severe bodily injuries, including, but not limited to, injuries to her chest, lungs, respiratory system and heart. Some or all of her injuries have continued since the accident and are permanent in nature.

6. As a consequence of her injuries, plaintiff Elizabeth H. McKenna has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of her injuries.

7. As a further consequence of her injuries, plaintiff Elizabeth H. McKenna has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

8. As a further consequence of her injuries, plaintiff Elizabeth H. McKenna has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

9. As a direct and proximate result of the aforesaid injuries and damage to his wife, plaintiff Elizabeth H. McKenna, plaintiff John J. McKenna has been deprived and will in the future continue to be deprived of the services, companionship, society and consortium of his wife, and will in the future continue to incur expenses on behalf of his wife.

10. Defendants, as owners, possessors, operators, franchisors, and/or franchisees of the vessel/cruise ship in question, owed a duty to its customers, potential customers, patrons, invitees, business visitors and/or persons lawfully on the vessel, including plaintiff, to maintain the vessel in a reasonable and safe condition. Defendants breached that duty.

11. Plaintiffs' injuries and resulting damages were proximately caused by the negligence of defendants who, through its agents, servants and/or employees:

(a) failed to maintain the vessel/cruise ship in a reasonably safe condition;

(b) failed to adequately and properly supervise, control and oversee the maintenance and upkeep of the vessel/cruise ship;

(c) knew, or in the exercise of reasonable care, should have known of the likelihood that customers, potential customers, patrons, invitees, business visitor and/or persons lawfully on the vessel/cruise ship would be injured by the condition of the cruise ship in question at the time of the accident;

(d) failed to adequately warn or otherwise inform licensees, invitees, customers, patrons and/or persons lawfully on the vessel/cruise ship of the dangerous conditions then and there existing, having actual or constructive knowledge thereof;

(e) failed to carry out its activities with reasonable care for the safety of the customers, potential customers, patrons, invitees, business visitors and/or persons lawfully on the vessel/cruise ship when it should have expected that the aforementioned individuals would not discover or realize the danger or would fail to protect themselves against it; and,

(f) knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the cruise ship in question involved an unreasonable risk of harm to the persons lawfully on the vessel/cruise ship and should have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger.

12. The aforementioned actions and/or inactions of defendants constituted negligence per se said actions constituting non-compliance with pertinent safety and shipping statutes, regulations and procedures.

13. Defendant is also responsible for plaintiffs' damages under the doctrine of Res Ipsa Loquitur.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally and/or individually for their special and general damages, including pain and suffering, the costs of this action and other such relief as the Court finds just.

/s/ Joseph J. Rhoades
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: 5/27/05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH MCKENNA, and<br>JOHN J. MCKENNA, | :<br>:<br>: | Civil Action No. 05-425 |
| Plaintiffs, | :<br>: | |
| v. | :<br>:<br>: | |
| NCL AMERICA, INC.,<br>a Delaware Corporation, and<br>NCL CORPORATION LTD.,<br>a Florida Corporation, | :<br>:<br>:<br>:<br>: | |
| Defendants. | : | |

**ORDER**

Upon consideration of plaintiffs' Response to defendants NCL America, Inc., and NCL Corporation Ltd.'s Notice of Removal and plaintiffs' Motion for Remand, it is hereby order this _____ day of _____, 2005, that NCL Corporation Ltd.'s request for removal is DENIED. It is further ordered that the above captioned action is remanded to the Superior Court of the State of Delaware.

_____
J.

## CERTIFICATION OF SERVICE

I, Carol McCool, legal Assistant, hereby certify that on this 22nd day of July, 2005, I caused to be served upon all counsel a true and correct copy Plaintiffs' Objection to Defendnat NCL Corporation Ltd.'s Notice of Removal and Plaintiffs' Motion for Remand via e-file/Hand Delivery to the following:

Sharon Oras Morgan, Esquire
Fox Rothschild
919 N. Market St., Suite 1300
Wilmington, DE 19801

_____
CAROL MCCOOL