IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELIZABETH H. MCKENNA and
JOHN J. MCKENNA, her husband,
                Plaintiffs,    :   C.A. No. 05-425 GMS

v.

NCL AMERICA, INC.,
a corporation of the State of Delaware,
and NCL CORPORATION LTD.,
a foreign corporation,
                Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

FOX ROTHSCHILD, LLP
Sharon Oras Morgan
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920
Counsel for Defendants
NCL America, Inc. and NCL Corporation, Ltd

OF COUNSEL:
A. Robert Degen, Esquire
John Halfpenny, Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150

DATED: August 1, 2005

# TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I.   | STATEMENT OF THE PROCEEDING | 1 |
| II.. | SUMMARY OF ARGUMENT | 3 |
| III. | FACTS | 4 |
| IV.  | ARGUMENT | 6 |
|      | A. There is Complete Diversity of Citizenship | 6 |
|      | B. The Amount in Controversy Exceeds the Jurisdictional Requirement of $75,000. | 8 |
| V.   | CONCLUSION | 9 |

# TABLE OF CITATIONS

Batoff v. Sate Farm Ins. Co.,
977 F. 2d 848, 851, 852 (3d Cir. 1992)..................... 6

Boyer v. Snap-On Tools Corp.,
913 F.2d 108,111 (3d Cir. 1992)............................. 6

Minker v. HSB Industrial Risk Insurers,
2000 WL 291542, *7 (D.Del. 2000)......................... 6

Stanley v. Exxon Corp.,
824 F. Supp. 52, 53 ( E.D.Pa. 1993)......................... 6

Wilson v. Republic Iron & Steele Co.,
257 U.S. 92 (1921)................................................. 6

World-Wide Volkswagen Corp. v. Woodson,
444 U.S. 286, 292 (1980)........................................ 2,7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELIZABETH H. MCKENNA and        :
JOHN J. MCKENNA, her husband,   :
             Plaintiffs,    :    C.A. No. 05-425 GMS
                        :
                        :
             v.             :
                        :
NCL AMERICA, INC.,              :
a corporation of the State of Delaware,   :
and NCL CORPORATION LTD.,       :
a foreign corporation,          :
             Defendants.    :
                        :

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

For the reasons set forth below, defendants NCL America, Inc. ("NCL America"), NCL Corporation Ltd. ("NCL Corporation") and NCL (Bahamas) Ltd. d/b/a NCL ("NCL Bahamas")[1] hereby oppose the Motion for Remand (D.I. 7) filed by plaintiffs Elizabeth McKenna and John J. McKenna (collectively, "plaintiffs").

I.    **STATEMENT OF THE PROCEEDING**

On May 27, 2005, plaintiffs commenced an action in the Superior Court of the State of Delaware, New Castle County, Case No. 05C-05-317-WCC. The action alleges negligence stemming from injuries allegedly suffered by plaintiff Elizabeth McKenna aboard the cruise ship, NORWEIGN CROWN, on April 25, 2004. On June 23, 2005, defendants filed a Notice of Removal of the action to this Court (D.I. 1) and asserted that NCL America and NCL Corporation were fraudulently joined and that the proper defendant is NCL Bahamas. Subsequently, on or about July 22, 2005, defendant NCL America and defendant NCL

---

[1] As noted in the Notice of Removal and Motion to Dismiss filed in this action by defendants NCL America and NCL Corporation, NCL (Bahamas) Ltd, d/b/a NCL ("NCL Bahamas") is the proper defendant in this action. NCL Bahamas has filed an Answer. Moreover, in the Motion to Dismiss, defendants also moved the Court to substitute NCL Bahamas as the defendant.

1

Corporation moved to dismiss the plaintiffs Complaint pursuant to F.R.C.P. 12(b)(6) on the grounds that NCL America and NCL Corporation have no involvement with the circumstances giving rise to this litigation, face no liability, and are un-interested, fully-capitalized affiliate corporations of the proper defendant in this matter, NCL Bahamas. On the same date that NCL America and NCL Corporation filed their motions to dismiss, (D.I. 5) NCL Bahamas filed an Answer.(D.I. 6)

Plaintiffs' Motion to Remand, in essence, turns on plaintiffs' claims that the Delaware Superior Court would have jurisdiction over this matter based on the face of the Complaint and because, plaintiffs assert, "'minimum contacts exist between the defendant and the forum state.'" Plaintiffs' Motion for Remand (D.I. 7) at ¶ 3 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). Other than this cursory "minimum contacts" argument, plaintiffs do not assert any other basis for their Motion for Remand and also have not responded to the Court's Order of July 19, 2005 (D.I.4), requiring them to set forth the amount in controversy in this action or the "precise nature of the injuries alleged." Id. Defendants respectfully submit that the existence of minimum contacts between them and the State of Delaware is not the determining factor, or indeed, even relevant to the issue of whether this Court should retain jurisdiction or remand this matter to the state court. In addition, NCL Bahamas attaches hereto, as Exhibit 1, a copy of plaintiffs' letter of April 9, 2005, in which plaintiffs demanded $100,000 to settle this case.[2]

In short, the question of whether this Court should retain jurisdiction turns on two issues: (1) whether there is complete diversity of citizenship between the parties (excluding the

---

[2] In the April 9, 2005 letter, plaintiffs' counsel stated, in relevant part, "In view of the significance of her injuries and the amount of medical expenses, I believe that Ms. McKenna would be awarded in excess of $100,000.00. However, my client would accept that amount in full and final settlement of all claims." (Exhibit 1).

2

PH1 744644v1 08/01/05

fraudulently joined defendants); and (2) whether the amount in controversy exceeds the jurisdictional minimum of $75,000 as set forth in 28 U.S.C. § 1332. On these two points, defendants assert that there is complete diversity of citizenship and, as set forth in plaintiffs' demand letter, the amount in controversy is in excess of $75,000. See Exhibit 1. Thus, for these reasons, defendants contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and should, therefore, deny plaintiffs' Motion for Remand.

As set forth in the Notice of Removal filed on or about June 23, 2005 (D.I. 1) and as set forth in the Motion to Dismiss (D.I. 5), NCL America (the only Delaware corporation among the potential defendants) is not a proper party to this action because, as set forth in the Declaration of Mark E. Warren ("Warren Declaration") accompanying the Motion to Dismiss (D.I. 5), NCL America did not issue the cruise tickets to the plaintiffs, does not own the ship on which plaintiffs' injuries allegedly occurred, and did not manage, supervise or oversee the cruise on which plaintiffs claim they sustained their alleged injuries. See ("Warren Declaration") at ¶ 2 (D.I. 5). In addition, as set forth in plaintiffs' April 9, 2005 letter, the amount in controversy in this matter exceeds $75,000. See Exhibit 1.

Thus, because there is complete diversity of citizenship between plaintiffs and the proper defendant, NCL Bahamas, and the amount in controversy exceeds $75,000, diversity jurisdiction exists. For these reasons, defendants respectfully submit that plaintiffs' Motion for Remand should be denied.

## II.   SUMMARY OF ARGUMENT

1.   There is complete diversity of citizenship between plaintiffs and NCL Bahamas. As set forth in the Notice of Removal (D.I. 1), NCL America – the only defendant incorporated in Delaware -- was fraudulently joined in this action in an attempt to defeat diversity jurisdiction.

Likewise NCL Corporation has no involvement in this action. NCL Bahamas, the proper defendant in this case, is a Bermuda corporation with its principal place of business in Miami, Florida. Thus, NCL Bahamas is not a citizen of the State of Delaware and there is complete diversity of citizenship between it and plaintiffs.[3]

2.   The amount in controversy in this action, as evidenced by plaintiffs' letter of April 9, 2005, is in excess of the jurisdictional minimum of $75,000 required by 28 U.S.C. § 1332(a).

3.   Because there is complete diversity of citizenship between plaintiffs and NCL Bahamas, and the amount in controversy exceeds $75,000, this action was properly removed to this Court and defendants have failed to adequately set forth a basis for remanding it to the Superior Court of the State of Delaware.

### III.   FACTS

This is a negligence action stemming from personal injuries allegedly sustained by plaintiff Elizabeth H. McKenna on or about April 25, 2004. Complaint attached to, D.I. 1 as Exhibit "A", ¶ 4. Plaintiff Elizabeth McKenna claims she was exposed to a ventilation leak and fumes aboard a cruise ship, the NORWEGIAN CROWN, and suffered injuries as a result. Complaint at D.I.1 at ¶¶ 4-8. Plaintiff John J. McKenna, Elizabeth McKenna's husband, also alleges a loss of consortium claim. See id. at ¶ 9.

Defendants have asserted from the outset of this case that defendant NCL America was fraudulently joined to defeat diversity of citizenship and that NCL Corporation is not a proper party to this action. See Notice of Removal (D.I. 1); see also, Motion to Dismiss

---

[3]   Moreover, as set forth in the Motion to Dismiss (D.I. 5), NCL America and NCL Corporation were improperly named, have no connection to the facts giving rise to this case, and Plaintiffs have therefore failed to state a claim against NCL America and NCL Corporation upon which relief can be granted.

(D.I. 5) and Answer (D.I. 6). In addition, defendants have also repeatedly identified NCL Bahamas as the proper defendant and on July 22, 2005, NCL filed an Answer to the Complaint.

As set forth in the Warren Declaration attached to (D.I. 5):

2. NCLA (NCL America, Inc.) and NCLC (NCL Corporation Ltd.,) contend that they are not the proper defendants in this action because they do not own, manage nor operate the cruise ship, *M/S NORWEIGN CROWN* (the "Vessel") on which plaintiffs complain the injury occurred. The proper defendant is NCLB (NCL (Bahamas) Ltd.) which is the operator of the Vessel. NCLA and NCLC did not issue the tickets which contain the Passenger Cruise Ticket . . . , governing the rights and obligations of plaintiffs and NCLB [NCL Bahamas].

3. The Passenger Cruise Ticket . . . issued to plaintiffs identified NCLB [NCL Bahamas] as the contracting party. NCLA [NCL America] and NCLC [NCL Corporation] never had any contractual or other business relationship with the plaintiffs.

4. Neither NCLA [NCL America] nor NCLC [NCL Corporation] owned, operated or maintained the Vessel. Moreover, the Vessel is registered in the Bahamas as being operated by NCLB [NCL Bahamas]. NCLA [NCL America] and NCLC [NCL Corporation] thus have no connection to this case and should be dismissed.

5. The corporate history of NCLA, NCLC and NCLB is described in Paragraphs 6 – 8 below. NCLA, NCLC and NCLB are separate and distinct corporate entities maintaining all requisite corporate formalities.

6. NCLA [NCL America] was incorporated on August 1, 2003 in the State of Delaware . . . .

7. NCLC, which was formerly known as NCL Holdings, Inc., a Bermuda company ("NCLH"), was incorporated on December 15, 2003 in Bermuda. . . . . On March 26, 2004, NCLH changed its name to NCLC . . . .

8. NCLB [NCL Bahamas] was incorporated on December 15, 2003 in Bermuda. . . .

5

## IV. ARGUMENT

### A. There Is Complete Diversity of Citizenship.

Fraudulently joined defendants cannot defeat diversity jurisdiction. Stanley v. Exxon Corp., 824 F.Supp. 52, 53 (E.D.Pa. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). The Third Circuit hinges its determination of whether a party has been fraudulently joined upon whether the plaintiff has a legal cause of action against said party. "Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a judgment.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851, 852 (3d Cir. 1992) (citation omitted); see also, Stanley, 824 F.Supp. at 53; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1992), cert. denied, 498 U.S. 1085 (1991). Similarly, joinder is fraudulent where the plaintiff's claims against said party are so devoid of merit as to be "wholly insubstantial and frivolous." Minker v. HSB Industrial Risk Insurers, 2000 WL 291542, * 7 (D.Del. 2000) (opinion attached as Exhibit 2) (quoting Batoff, 977 F. 2d. at 852).

There is absolutely "no reasonable basis in fact or colorable ground" supporting the plaintiffs' claims against NCL America or NCL Corporation. See Batoff, 977 F.2d at 851. The NORWEGIAN CROWN, the cruise ship plaintiffs were aboard at the time of the events giving rise to their Complaint, was at all relevant times owned, operated, maintained, managed and/or run by NCL Bahamas -- not NCL America or NCL Corporation. Warren Declaration (D.I. 5) at ¶ 4. The Passenger Cruise Ticket issued to plaintiffs identified Norwegian Cruise Lines, now known as NCL (Bahamas), Ltd., d/b/a NCL ["NCL Bahamas"} -- as the contracting party—**not** NCL America or NCL Corporation. Id. at ¶ 3; see also Exhibit 2 to the Warren Declaration.

An application of the "insubstantial and frivolous" test established by the Third Circuit demonstrates that NCL America and NCL Corporation were indeed fraudulently joined. See Batoff, 977 F.2d at 851. NCL Bahamas, NCL Corporation and NCL America are separate corporate entities, maintaining all requisite corporate formalities. See Warren Declaration (D.I. 5). NCL America and NCL Corporation do not own, operate, maintain, manage or run the NORWEGIAN CROWN. Id. at ¶ 4. NCL America and NCL Corporation never had any contractual or other business relationship with the plaintiffs. See id. NCL America and NCL Corporation, in short, have absolutely nothing to do with this case and there is no basis for a claim or imposition of liability against them. The fact that they were improperly named as defendants neither defeats diversity jurisdiction nor mandates a remand of this action to the Superior Court of the State of Delaware.

The proper defendant in this action, NCL Bahamas, is a Bermuda corporation with its principal place of business in Miami, Florida. Id. Because the plaintiffs are citizens of the State of Delaware and NCL Bahamas is a foreign corporation with its principal place of business in the State of Florida, there is complete diversity of citizenship between them. 28 U.S.C. § 1332(a) & (c)(1). This diversity of citizenship gives NCL Bahamas the right to remove this case to federal court under 28 U.S.C. § 1441, et seq., notwithstanding the fraudulent joinder of NCL America and NCL Corporation.

In their Motion to Remand, the only argument plaintiffs put forth is that the plaintiffs purchased the tickets for the cruise in Delaware and "[a] state court may exercise personal jurisdiction over a non-resident defendant so long as there exist minimum contacts between the defendant and the forum state." Motion for Remand at 2 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). Plaintiffs' argument, however, is

beside the point and an insufficient basis to remand this action to state court. The issue of minimum contacts has no bearing on whether this case was properly removed. The only issue is whether diversity jurisdiction properly exists so as to permit removal under 28 U.S.C. § 1441, et seq. As set forth above, defendants maintain that it does. "Minimum contacts" simply does not enter the equation.

In short, when this case is pared down to the proper parties – plaintiffs and NCL Bahamas – there is complete diversity of citizenship. Thus, the only remaining question is whether the jurisdictional requirement of $75,000 has been established. As set forth below, defendants maintain that is has.

**B.    The Amount in Controversy Exceeds the Jurisdictional Requirement of $75,000.**

Notably, plaintiffs never argue in their Motion for Remand that the jurisdictional minimum of $75,000 does not exist. Indeed, plaintiffs themselves have asserted a settlement demand of $100,000 in their April 9, 2005 letter (attached hereto as Exhibit 1). Given these facts, it is clear that plaintiffs believe their claim exceeds the jurisdictional limit required for diversity jurisdiction. Plaintiffs cannot now be heard to claim otherwise. Moreover, the Court may take judicial notice of the amount of plaintiffs' demand and determine, based on this fact and no contrary evidence offered by plaintiffs, that the jurisdictional requisite of diversity jurisdiction has been established. In sum, defendants have established complete diversity of citizenship and have likewise established that the amount in controversy is in excess of $75,000. Removal to federal court pursuant to diversity jurisdiction was thus proper and there is no basis for remanding this case to state court.

## V. CONCLUSION

For all of the foregoing reasons, defendants respectfully request that this Court deny plaintiffs' Motion for Remand.

Date: August 1, 2005

Respectfully submitted,
FOX ROTHSCHILD, LLP

By:   /s/ Sharon Oras Morgan
Sharon Oras Morgan
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile:   (302) 656-8920
Counsel for Defendants
NCL America, Inc. and NCL Corporation, Ltd.

OF COUNSEL:
A. Robert Degen, Esquire
John Halfpenny, Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile:   (215) 299-2150