IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband,<br>　　　　　　　　　　Plaintiffs, | :<br>:<br>:<br>: | C.A. No. 05-425 GMS |
| v. | :<br>: | |
| NCL AMERICA INC.,<br>a corporation of the State of Delaware,<br>and NCL CORPORATION LTD.,<br>a foreign corporation,<br>　　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: | |

**REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION TO DISMISS FILED BY DEFENDANTS NCL AMERICA INC. AND NCL CORPORATION LTD.**

　　　　　　　　　　　　　　　　　FOX ROTHSCHILD, LLP
　　　　　　　　　　　　　　　　　/s/ Sharon Oras Morgan
　　　　　　　　　　　　　　　　　Sharon Oras Morgan
　　　　　　　　　　　　　　　　　Delaware Bar No. 4287
　　　　　　　　　　　　　　　　　919 North Market Street
　　　　　　　　　　　　　　　　　Suite 1300
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Telephone: (302) 622-4246
　　　　　　　　　　　　　　　　　Facsimile:　(302) 656-8920

　　　　　　　　　　　　　　　　　Counsel for Defendants
　　　　　　　　　　　　　　　　　NCL America Inc. and NCL Corporation Ltd

OF COUNSEL:
A. Robert Degen, Esquire (Admitted *pro hac vice*)
John Halfpenny, Esquire (Admitted *pro hac vice*)
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile:　(215) 299-2150

DATED: August 22, 2005

PH1 750099v1 08/22/05

# TABLE OF CONTENTS

|      |            | Page |
|------|------------|------|
| I.   | Argument   | 1    |
| II.  | Conclusion | 8    |

# TABLE OF CITATIONS

|                                                                                                                                  | Page |
|----------------------------------------------------------------------------------------------------------------------------------|------|
| Batoff v. State Farm Ins. Co. 977 F.2d 848, 851 (3d. Cir. 1992)                                                                  | 3    |
| Ciliberto v. Carnival Cruise Line, 1986 WL 2560 (E.D. Pa. 1986)                                                                  | 2    |
| C.R. Bard Inc. v. Guidant Corp., 997 F. Supp. 556 (D.Del. 1988)                                                                  | 5    |
| Japan Petroleum Co. (Nigeria) Ltd. V. Ashland Oil, 456 F. Supp. 831, 841 (D.Del 1978)                                            | 6    |
| Marek v. Marpan Two, Inc., 817 F. 2d 242, (3d. Cir.) cert. denied, 484 U.S. 852 (1987)                                           | 2    |
| Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 266-71 (D.Del. 1989)                                                    | 5    |
| Phoenix Canada Oil Co Ltd., v. Texaco, Inc., 658 F. Supp. 1061, (D.Del. 1987) aff'd, 842 F.2d. 1466 (3d Cir. 1988) cert .denied, 488 U.S. 908 & 916 (1988) | 5    |
| Shannon v.Norwegian Caribbean Lines, 640 F. Supp. 373 (M.D. Pa. 1985)                                                            | 2    |
| Zubik v. Zubik, 384 F 2d 267, 273 (3d Cir. 1967) cert. denied, 390 U.S. 988 (1968)                                               | 5    |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband,<br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NCL AMERICA INC.,<br>a corporation of the State of Delaware,<br>and NCL CORPORATION LTD.,<br>a foreign corporation,<br>　　　　　　　　　　Defendants. | :<br>:<br>:　C.A. No. 05-425 GMS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION TO DISMISS FILED BY DEFENDANTS NCL AMERICA INC. AND NCL CORPORATION LTD.

### ARGUMENT

At first blush, plaintiffs Elizabeth and John McKenna's Response (D.I. 10) to NCL America Inc.'s and NCL Corporation Ltd.'s Motion to Dismiss (D.I. 5) appears to "kick up a lot of dust" creating doubt about the viability of the Motion to Dismiss.[1] Closer examination, however, reveals that plaintiffs' "dust-cloud" serves only to obscure rather than clarify the issues raised in NCL Corporation's and NCL America's motion. Notwithstanding this opaqueness, NCL Corporation and NCL America have more than adequately established that there is no basis for keeping them in this action and, therefore, respectfully request that their Motion to Dismiss be granted.

---

[1] Plaintiffs Elizabeth and John McKenna are collectively referred to as "plaintiffs" throughout this brief. Defendant NCL Corporation Ltd. is referred to as "NCL Corporation" and defendant NCL America Inc. is referred to as "NCL America."

PH1 750099v1 08/22/05

First, plaintiffs' response is silent regarding the fact that NCL (Bahamas) Ltd. d/b/a NCL ("NCL (Bahamas)") voluntarily stepped forward at the time of removal, identified itself as the proper defendant in this action, see D.I. 1 at 1, and subsequently filed and served its Answer on July 22, 2205. (D.I. 6). Thus, NCL (Bahamas) -- the corporation that did issue plaintiffs' tickets and did operate, manage and oversee the cruise on which plaintiffs' alleged injuries occurred, and under whose name the *M/S NORWEGIAN CROWN* is registered as being operated, see accompanying Declaration of Mark E. Warren ("Warren Declaration") at ¶¶ 2-3[2] -- stepped forward as the proper party defendant. Dismissal of NCL Corporation and NCL America – who neither own, manage or operate the ship, id. at ¶ 2 -- therefore will not deprive plaintiffs of a defendant to pursue.[3]

The Notice of Removal (D.I. 1) also alleged that NCL America (the only party that is a citizen of Delaware and potentially defeats diversity jurisdiction here) was fraudulently

---

[2] The Warren Declaration originally submitted with the Motion to Dismiss inadvertently contained the wrong face sheet and defendants therefore submit another copy of the declaration (and attached exhibits) with this Reply.

[3] In any event, NCL (Bahamas) (as well as NCL Corporation and NCL America, if the claims against them are not dismissed) intend to promptly file a motion for summary judgment following the Court's ruling on the Motion to Dismiss (D.I. 5) and plaintiffs' Motion to Remand (D.I. 7). The basis for the summary judgment motion is that plaintiffs' claims are time-barred because plaintiffs failed to file their Complaint within one (1) year of the date of their alleged injury as required by paragraph 10 of the Passenger Cruise Ticket Contract (attached to the Warren Declaration as Exhibit "1"). Paragraph 10 of the Passenger Cruise Ticket Contract states:

> No suit . . . shall be maintained be maintained against the Carrier for emotional or physical injury, illness or death of passenger unless written notice of the claim with full particulars be delivered to the Carrier within six (6) months from the day when such injury, illness or death occurred; and in no event shall any suit be maintainable unless commenced within one (1) year from the day when the injury, illness or death occurred, notwithstanding any provision of law of any state or country to the contrary.

The time-limitations of the Passenger Cruise Ticket have been upheld by such cases as Marek v. Marpan Two, Inc., 817 F.2d 242, 244-45 (3rd Cir.), cert. denied, 484 U.S. 852, 108 S. Ct. 155, 98 L. Ed.2d 110 (1987), Shannon v. Norwegian Caribbean Lines, 640 F. Supp. 373 (M.D. Pa. 1985) and Ciliberto v. Carnival Cruise Line, 1986 WL 2560 (E.D.Pa. 1986), and serve to defeat plaintiffs' claims. In the alternative, NCL (Bahamas) will also request transfer of the case to the United States District Court for the Southern District of Florida pursuant to the forum-selection clause contained in paragraph 22 of the Passenger Cruise Ticket Contract. See Warren Declaration, Exhibit "1" at ¶ 22.

2

joined because it: (a) had no privity of contract with plaintiffs; (b) did not operate, manage or oversee the cruise in which plaintiffs' alleged claims are grounded; and (c) did not issue the tickets to plaintiffs. Id. at p. 3, ¶ 6. Similarly, in their July 22, 2005, Motion to Dismiss (D.I. 5), NCL Corporation and NCL America alleged that they had no involvement in this action and, furthermore, that NCL America had been fraudulently joined because "there is no reasonable basis in fact or colorable ground supporting the claim" against it. (D.I. 5 at 5 (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

Notably, plaintiffs never address these issues head-on and, instead, skirt at the periphery and argue "possibilities" or potential theories of liability without ever offering a factually-grounded basis for maintaining claims against defendants that "never had any contractual or other business relationship with the plaintiffs." Warren Declaration at ¶ 3. The reason for this is clear: plaintiffs want this case remanded to the State Court and thus, even after the proper defendant (NCL (Bahamas)) has stepped forward, tenaciously cling to illusory theories of liability to try to keep NCL America in the case and defeat diversity jurisdiction.[4] Despite this, the fact remains that plaintiffs have not offered a legitimate basis for asserting liability against NCL America and such lack of proof defeats their claims against it. Moreover, regardless of who the defendants are, it is beyond question that plaintiffs' Complaint was untimely and will ultimately, at the resolution of these preliminary matters, be the subject of a summary judgment motion. See Footnote 3 above.

---

[4] Notably, however, plaintiffs never challenge the jurisdictional minimum threshold of $75,000 required by 28 U.S.C. § 1332(a), and, despite the Court's July 19, 2005 Order still have not put before the Court any evidence related to the amount of damages they seek. Defendants, however, attached a copy of plaintiffs' demand letter seeking $100,000 in damages to their Opposition to the Motion to Remand. See D.I. 8 at Exhibit "1". The existence of this letter defeats any claim plaintiffs could make that the jurisdictional threshold required by diversity jurisdiction is lacking.

3

Second, plaintiffs suggest that they filed a Motion for Remand prior to NCL Corporation's and NCL America's Motion to Dismiss. See Plaintiffs' Response at p. 1, ¶ 1. The Docket entries reveal, however, that the Motion to Dismiss and Motion for Remand were filed simultaneously on July 22, 2005. See D.I. 5 & 7. The Motion to Dismiss was brought on legitimate, independent grounds and not, as plaintiffs imply, in response to plaintiffs' Motion for Remand. In any event, the issues raised in the Motion to Dismiss and Motion for Remand are similar and should be resolved simultaneously. Where, as here, the Motion to Dismiss is based on issues of fraudulent joinder, see D.I. 5 at pp. 5-6, there is no reason to defer ruling on it as plaintiffs suggest. See Plaintiffs' Response at p. 1.

Third, plaintiffs' misconstrue the Warren Declaration. Despite plaintiffs' contentions about what the Warren Declaration supposedly <u>does not say</u>, examination of what it <u>does</u> say illustrates NCL Corporation's non-involvement in this action and NCL America's fraudulent joinder and non-involvement. In the Declaration, Mr. Warren expressly states:

- NCLA (NCL America, Inc.) and NCLC (NCL Corporation Ltd.,) contend that they are not the proper defendants in this action because **<u>they do not own, manage nor operate the cruise ship, M/S NORWEIGN CROWN</u>** (the "Vessel") on which plaintiffs complain the injury occurred.[5]

- **<u>NCLA [NCL America] and NCLC [NCL Corporation] never had any contractual or other business relationship with the plaintiffs.</u>**

- **<u>Neither NCLA [NCL America] nor NCLC [NCL Corporation] owned, operated or maintained the Vessel.</u>** Moreover, the vessel is registered in the Bahamas as being operated by NCLB. NCLA [NCL America] and NCLC [NCL Corporation] thus have no connection to this case and should be dismissed.

---

[5] As noted in paragraph 2 of the accompanying Declaration of Daniel S. Farkas, the owner of the *M/S NORWEGIAN CROWN* is Crown Odyssey Limited, a Bermuda corporation with its principal place of business at Canon's Court, 22 Victoria Street, Hamilton, HM12 Bermuda.

4

Warren Declaration at ¶¶ 2-4 (emphasis added). Thus, contrary to plaintiffs' assertions, defendants have offered adequate bases for the Court to dismiss NCL Corporation and NCL America on the grounds of fraudulent joinder and non-involvement.

Fourth, plaintiffs' contentions regarding potential alter-ego or agency theories of liability as a means for sustaining their claims against the moving defendants (in addition to the claims that remain against the proper defendant, NCL (Bahamas)) are belied by the very cases plaintiffs rely upon. See D.I. 10 at pp. 3-4, ¶¶ 5-6. In Phoenix Canada Oil Co. Ltd. v. Texaco, Inc., 658 F.Supp. 1061 (D.Del. 1987), aff'd, 842 F.2d 1466 (3d Cir. 1988) and cert. denied, 488 U.S. 908 and 916 (1988), Mobil Oil Corp. v. Linear Films, Inc., 718 F.Supp. 260, 266-71 (D.Del. 1989), and C.R. Bard Inc. v. Guidant Corp., 997 F.Supp. 556 (D.Del. 1988), the District Court of Delaware explained that determination of the questions of alter-ego and agency theories of liability rest on the analysis of a multitude of factors and that alter-ego liability "requires that fraud or injustice be found in the defendants' use of the corporate form." Mobil Oil, 718 F.Supp. at 269 (citation omitted).[6] In each of the three cases, the courts rejected the alter-ego and agency

---

[6] Notably, in Mobil Oil, 718 F. Supp. at. 271, the court rejected plaintiffs' claims of alter-ego and agency liability. In Mobil Oil, the defendants, a Delaware corporation and its Oklahoma subsidiary, filed a motion for summary judgment. In a factual similarity to the present case, "[t]he gist of defendants' summary judgment motion [was] that [plaintiff] Mobil simply sued the wrong party." Id. Plaintiffs argued that theories of "alter-ego" and "agency" made the parent corporation liable for the alleged patent infringement of its subsidiary. The court rejected plaintiffs' arguments and granted summary judgment. Id. at 271-72. The court also explained that to find an alter-ego relationship and pierce the corporate veil, plaintiffs must show that "fraud, contravention of law or contract, public wrong or . . . equitable consideration[s] . . . .are involved." Id. at 268 (internal quotations omitted) (citations omitted). Thus, Mobil Oil stands for the proposition that where, as here, alter-ego liability is alleged, "[t]he law requires that fraud or injustice be found in the defendants' use of the corporate form." Id. at 269. The court in Mobil Oil also explained that:

> "Limiting one's personal liability is a traditional reason for a corporation. Unless done deliberately, with specific intent to escape liability for a specific tort or class of torts, the cause of justice does not require disregarding the corporate entity. The corporate form itself works no fraud on a [tort victim] who has never elected to deal with the corporation."

Id. at 269 (quoting Zubik v. Zubik, 384 F.2d 267, 273 (3d Cir. 1967), cert. denied, 390 U.S. 988 (1968)).

theories of liability. Despite these well-established principles of law (set forth in the very cases they rely on), plaintiffs focus on the <u>single</u> fact that Mark E. Warren acts as an officer for NCL Corporation, NCL America and NCL (Bahamas). See D.I. 10 at p. 4, ¶ 7. Based on this single fact, and with no other basis, plaintiffs imply an improper intertwining of corporate operations, responsibility and liability to purportedly create alter-ego and agency liability. However, plaintiffs cite no law supporting the proposition – and defendants are not aware of any case that so holds – that the single fact that two or more corporations share a common officer is sufficient to create alter-ego liability.[7] Such a proposition flies in the face of modern corporate operations, relevant law and, indeed, common sense. Moreover, in Phoenix Canada Oil, 658 F.Supp. at 1084-85 (a case plaintiffs rely on), the court rejected alter-ego and agency theories of liability and stated that "although there were officers and directors common to the boards of both parent and subsidiary[,] . . . this similarity <u>by itself</u> does not indicate an agency relationship." <u>Id.</u> at 1085 (citing Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, 456 F.Supp. 831, 841 (D.Del. 1978)) (emphasis added).

Plaintiffs' supposition aside, the Warren Declaration clearly states that NCL (Bahamas), NCL Corporation and NCL America are separately incorporated entities, and not the alter-egos of one another. Warren Declaration at ¶¶ 6-8. The Warren Declaration also states that

---

Similarly, in the C.R. Bard case that plaintiffs also rely on, the court rejected the alter-ego and agency theories of liability. 997 F.Supp. at 560-61. The court held that plaintiffs "had not produced any evidence of fraud in the corporate structure of [the defendant corporations]. Bard does not claim that [the defendant corporations] have ignored the formalities of separate corporate status. The two corporations maintain separate boards and finances. Thus, the court does not find a justification for exercising jurisdiction over [the parent corporation] under the alter ego theory." Id. at 560.

[7]    Likewise, the fact that the separate entities share common advertising is likewise insufficient in itself to establish alter-ego or agency liability and plaintiffs' arguments regarding defendants' advertising should likewise be rejected.

"NCLA [NCL America], NCLC [NCL Corporation] and NCLB [NCL (Bahamas)] are **separate and distinct corporate entities maintaining all requisite corporate formalities**[,]" id. at ¶ 5 (emphasis added), and that each of them "has its own Board of Directors and officers." Id. at 9. Measured against these unequivocal statements, plaintiffs' specious assertion that Mr. Warren's role as an officer in the separate corporations is sufficient in and of itself to create alter-ego liability is revealed as nothing more than a make-weight argument. See Phoenix Canada Oil, 658 F.Supp. at 1084-85.

Finally, plaintiffs' reliance on the fact that the Passenger Cruise Ticket Contract defines the term "Carrier" as including "NCL (Bahamas) Ltd. d/b/a NCL and/or NCL America," McKenna Declaration, Exhibit "1" at ¶ 1, as evidence that NCL America is a proper party defendant is misguided. The Passenger Ticket Contract issued to plaintiffs is a standard, form contract that is used by both NCL (Bahamas) and NCL America. Declaration of Daniel S. Farkas ("Farkas Declaration") at ¶ 3. Plaintiffs apparently misread the definition of the term "Carrier" in the Passenger Ticket Contract as defining NCL (Bahamas) Ltd. as doing business as NCL and NCL America. The term is not meant to define NCL (Bahamas) in that manner and, in fact, NCL (Bahamas) does not do business as NCL America. See id. Instead, because the Passenger Ticket Contract is a standard, form agreement, used by both NCL (Bahamas) and the separate corporation NCL America, "Carrier" is defined as "NCL (Bahamas) Ltd. d/b/a NCL" and separately as "NCL America." Id. As shown in the Notice of Removal, the Answer and other pleadings filed in this action, the proper name of NCL (Bahamas) is "NCL (Bahamas) Ltd. d/b/a NCL." (D.I. 1 and 6). Thus, the "d/b/a" notation in paragraph 1 of the Passenger Ticket Contract is limited to NCL (Bahamas) and does not indicate, as plaintiffs incorrectly assume, that "Carrier" is defined as NCL (Bahamas) **doing business as both** NCL and NCL America. Farkas

Declaration at ¶ 3. To the contrary, "Carrier" is defined to include "NCL (Bahamas) Ltd. d/b/a NCL" and separately defined to also include NCL America. Id. The purpose for this is so that both companies can use the standard, form contract, and to minimize printing costs. Id.

## CONCLUSION

In sum, there is no basis for keeping NCL America and NCL Corporation in this case and for all of the foregoing reasons, as well as those set forth in their Motion to Dismiss, and their Opposition to Plaintiffs' Motion to Remand, defendants NCL America and NCL Corporation, respectfully request that this Court dismiss them.

Respectfully submitted,

Date: August 22, 2005      FOX ROTHSCHILD, LLP

By: /s/ Sharon Oras Morgan
Sharon Oras Morgan
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920
Counsel for Defendants
NCL America, Inc. and NCL Corporation, Ltd.

OF COUNSEL:
A. Robert Degen, Esquire
John Halfpenny, Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2000
Facsimile: (215) 299-2150

8

PH1 750099v1 08/22/05