IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH H. MCKENNA and<br>JOHN J. MCKENNA, her husband,<br>Plaintiffs, | : <br> : <br> : <br> : | CASE NO.  05-425 GMS |
| v. | : <br> : <br> : | |
| NCL AMERICA INC.,<br>a corporation of the State of Delaware,<br>and NCL CORPORATION LTD.,<br>a Bermuda company,<br>Defendants. | : <br> : <br> : <br> : <br> : | |

## DECLARATION OF MARK E. WARREN
## IN SUPPORT MOTION TO DISMISS

I, Mark E. Warren, declare as follows:

1. My name is Mark E. Warren and I am the Secretary of NCL America Inc., a Delaware corporation ("NCLA"), Assistant Secretary of NCL Corporation Ltd., a Bermuda company ("NCLC"), and Assistant Secretary of NCL (Bahamas) Ltd., a Bermuda company ("NCLB"). My business address is located at 7665 Corporate Center Drive, Miami, Florida 33126. I am authorized to make this declaration on behalf of NCLA, NCLC and NCLB in support of their motion to dismiss this Complaint. I have personal knowledge of the facts stated in this Declaration and, if called upon to do so, could and would testify competently to them.

2. NCLA and NCLC contend that they are not the proper defendants in this action because they do not own, manage nor operate the cruise ship, *M/S NORWEGIAN CROWN* (the "Vessel"), on which plaintiffs complain the injury occurred. The proper defendant is NCLB which is the operator of the Vessel. NCLA and NCLC did not issue the tickets which contain the Passenger Cruise Ticket (attached hereto as

Exhibit "1" and incorporated by reference herein), governing the rights and obligations of plaintiffs and NCLB.

3. The Passenger Cruise Ticket (attached hereto as Exhibit "1") issued to plaintiffs identified NCLB as the contracting party. NCLA and NCLC never had any contractual or other business relationship with the plaintiffs.

4. Neither NCLA nor NCLC owned, operated or maintained the Vessel. Moreover, the Vessel is registered in the Bahamas as being operated by NCLB. NCLA and NCLC thus have no connection to this case and should be dismissed.

5. The corporate history of NCLA, NCLC and NCLB is described in Paragraphs 6 - 8 below. NCLA, NCLC and NCLB are separate and distinct corporate entities maintaining all requisite corporate formalities.

6. NCLA was incorporated on August 1, 2003 in the State of Delaware. A copy of NCLA's Certificate of Incorporation is attached hereto as Exhibit "2" and incorporated by reference herein.

7. NCLC, which was formerly known as NCL Holdings, Inc., a Bermuda company ("NCLH"), was incorporated on December 15, 2003 in Bermuda. A copy of NCLH's Certificate of Incorporation is attached hereto as Exhibit "3" and incorporated by reference herein. On March 26, 2004, NCLH changed its name to NCLC. A copy of NCLC's Certificate of Incorporation on Change of Name is attached hereto as Exhibit "4" and incorporated by reference herein.

8. NCLB was incorporated on December 15, 2003 in Bermuda. A copy of NCLB's Certificate of Incorporation is attached hereto as Exhibit "5" and incorporated by reference herein.

9. Each of NCLA, NCLC and NCLB has its own Board of Directors and officers.

I swear under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this Declaration on this 21st day of July, 2005 in Miami, Florida.

*[signature]*
MARK E. WARREN
7665 Corporate Center Drive
Miami, Florida 33126.