IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH McKENNA, AND <br> JOHN J. McKENNA, <br><br> Plaintiffs, <br><br> v. <br><br> NCL AMERICA INC., AND <br> NCL CORPORATION LTD., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-425 GMS <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

The above-captioned negligence action arose from injuries allegedly suffered by Plaintiff Elizabeth McKenna on the cruise ship Norwegian Crown. The Plaintiffs originally filed suit in Delaware Superior Court, however the Defendants subsequently removed the case to this court, pursuant to 28 U.S.C. § 1441(a) (1994), on the basis of diversity jurisdiction, 28 U.S.C. § 1332 (2005). (D.I. 1 at 1.) Although the Plaintiffs and Defendant NCL America, Inc. ("NCL America") are all citizens of Delaware, the Defendants argue that complete diversity exists because NCL America was fraudulently joined in order to defeat subject matter jurisdiction in federal court. (Id. at 2.) Presently before the court is the Plaintiffs' motion to remand (D.I. 7) and the Defendants' motion to dismiss (D.I. 5).

"[J]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted). "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has

fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Id.* (citations omitted). Thus, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (citations omitted).

In this case, the Defendants' fraudulent-joinder argument is based, in part, upon its assertion that there was no privity of contract between NCL America and the Plaintiffs. (D.I. 1 at 3.) However, the contract at issue, entitled "Passenger Ticket Contract," reads as follows:

> For the purpose of this Contract the term "Carrier" shall include NCL (Bahamas) Ltd. d/b/a NCL *and/or NCL America*, its designees, assigns, successors or affiliates, the named vessel, any substituted vessel, and its or their tenders, launches and related facilities. The rights, defenses, immunities and limitations of liability set forth herein shall inure to the benefit of the Carrier and all concessionaires, independent contractors or other service providers; any affiliated or related companies, parents, subsidiaries, successors, assigns or fictitiously named entities; all suppliers, shipbuilders, component part manufacturers; and its or their owners, operators, managers, characters, agents, pilots, officers, crew, and employees.

(D.I. 5, Attach. 5, Ex. 1 at 2 (emphasis added).) The Defendants explain that this extremely comprehensive provision of the Passenger Ticket Contract, which makes explicit reference to NCL America (and implicit reference to the remainder of the cruise-ship world), is "a standard, form contract that is used by both NCL (Bahamas) and NCL America" in order to "minimize printing costs." (D.I. 11 at 7-8.) In spite of this explanation (devoid of legal citation), the court believes there is "a possibility that a state court would find that the complaint states a cause of action against" NCL America. Rather than forcing the Defendants to incur further printing costs, the court will waste no more paper explaining its rationale and permit the obviousness of this conclusion to speak for itself.

Dated: October 2✓, 2005

UNITED STATES DISTRICT JUDGE



FILED
OCT 28 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH McKENNA, AND JOHN J. McKENNA, <br><br> Plaintiffs, <br><br> v. <br><br> NCL AMERICA INC., AND NCL CORPORATION LTD., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 05-425 GMS ) ) ) ) ) ) |

**ORDER**

IT IS HEREBY ORDERED THAT:

1. The Plaintiffs' motion to remand (D.I. 7) be GRANTED;

2. The Defendants' motion to dismiss (D.I. 5) be DENIED as moot;

3. The Defendants' request for oral argument (D.I. 12) be DENIED as moot; and

4. The case be REMANDED to Delaware Superior Court.

Dated: October 28, 2005

UNITED STATES DISTRICT JUDGE



FILED
OCT 2 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE